UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

MARCQUISE MURPHY and
RATANYA ROGERS, individually
and on behalf of all others similarly situated,

       Plaintiffs,

v.                              **ORDER**
                                Civil File No. 19-1929 (MJD/ECW)

LABOR SOURCE, LLC d/b/a
Catstaff d/b/a One Source Staffing
and Labor, and BLUSKY
RESTORATION CONTRACTORS, LLC,

       Defendants.

Carolyn Hunt Cottrell, Ori Edelstein, and William M. Hogg, Schneider Wallace Cottrell Konecky LLP, and E. Michelle Drake, Berger & Montague, P.C., Counsel for Plaintiffs.

Jessica J. Nelson, Laurie M. Quinn, and Randi J. Winter, Spencer Fane LLP, Counsel for Defendant Labor Source, LLC d/b/a Catstaff d/b/a One Source Staffing and Labor.

Elizabeth S. Gerling and Eric R. Magnus, Jackson Lewis P.C., Counsel for Defendant BluSky Restoration Contractors, LLC.

      The above-entitled matter comes before the Court upon the Report and

Recommendation of United States Magistrate Judge Elizabeth Cowan Wright

dated March 12, 2020.  Plaintiffs Marcquise Murphy and Ratanya Rogers and Defendant BluSky Restoration Contractors, LLC, filed objections to portions of the Report and Recommendation.

Pursuant to statute, the Court has conducted a de novo review upon the record.  28 U.S.C. § 636(b)(1); Local Rule 72.2(b).  Based upon that review, the Court **ADOPTS** the Report and Recommendation of United States Magistrate Judge Wright dated March 12, 2020, with the exception that the Court declines to adopt the last paragraph of Section III(B)(3), Plaintiffs' Recordkeeping Claim, at pages 52-53 of the Report and Recommendation.  That paragraph is replaced with the following paragraph:

The Court holds that Plaintiffs have sufficiently pled a recordkeeping claim under the MFLSA.  Plaintiffs have alleged that Defendants fabricated their time sheets and refused to record the actual hours worked by Plaintiffs during their shifts.  (Compl. ¶¶ 32, 152, 155.)  Plaintiffs do not simply allege that Plaintiffs failed to notify Defendants that Plaintiffs were working, cf. Le v. Regency Corp., 957 F. Supp. 2d 1079, 1091 (D. Minn. 2013) ("Plaintiffs have not alleged that [Defendant] failed to keep any time records or that such records were inaccurate based on the time cards Plaintiffs submitted to [Defendant]. . . .

In other words, Plaintiffs are claiming that [Defendant] should have maintained records for this off-the-clock time even though they never reported it on their time cards.") (citation omitted). Here, Plaintiffs allege that Defendants affirmatively created false timesheets. Plaintiffs allege that Defendants "reduce[d] the hours recorded worked by Plaintiffs . . ., resulting in vast underpayment of wages and unreported hours worked," and specifically allege that one Plaintiff "witnessed BluSky leads fabricate time sheets altogether," and that they received some wage payments from Defendants without BluSky submitting time sheets to One Source, which plausibly signifies that Defendants failed to record, or even fabricated, time sheets for given workweeks. (Id. ¶ 32.) Plaintiffs' Complaint is sufficient to state a claim at this early stage of the litigation.

Accordingly, based upon the files, records, and proceedings herein**, IT IS HEREBY ORDERED**:

1. The Court **ADOPTS** the Report and Recommendation of United States Magistrate Judge Elizabeth Cowan Wright dated March 12, 2020 [Docket No. 56], with the exception that the Court replaces the last paragraph in Section III(B)(3) of the Report and Recommendation as set forth above.

2. Defendants' Partial Motion to Dismiss [Docket No. 33] is **GRANTED IN PART** and **DENIED IN PART** as follows:

a. Defendants' Partial Motion to Dismiss is **DENIED** insofar as it seeks:

   i. Dismissal of the claims of any putative FLSA collective plaintiffs who did not work in Minnesota as to BluSky for lack of personal jurisdiction.

   ii. Dismissal of Count II of Plaintiffs' First Cause of Action and Count I of Plaintiffs' Second Cause of Action (Plaintiffs' minimum wage claims) as to One Source and BluSky for failure to state a claim.

   iii. Dismissal of Count V of Plaintiffs' Second Cause of Action (Plaintiffs' recordkeeping claim) as to One Source and BluSky for failure to state a claim.

b. Defendants' Partial Motion to Dismiss is **GRANTED** insofar as it seeks:

   i. Dismissal of the claims of any putative FLSA collective plaintiffs who did not work in Minnesota as to One Source for lack of personal jurisdiction.

   ii. Dismissal of the collective claims in Counts I and II of Plaintiffs' First Cause of Action (Plaintiffs' FLSA claims) as to One Source and BluSky for failure to state a claim.

c. Plaintiffs are given 21 days from the date of this Order to file an Amended Complaint.

Dated:  April 16, 2020                 s/ Michael J. Davis
                                       Michael J. Davis
                                       United States District Court