UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

MARCQUISE MURPHY and
RATANYA ROGERS, individually
and on behalf of all others similarly situated,

    Plaintiffs,

v.          **MEMORANDUM OF LAW & ORDER**
           Civil File No. 19-1929 (MJD/ECW)

LABOR SOURCE, LLC d/b/a
Catstaff d/b/a One Source Staffing
and Labor, and BLUSKY
RESTORATION CONTRACTORS, LLC,

    Defendants.

Carolyn Hunt Cottrell, Ori Edelstein, and William M. Hogg, Schneider Wallace Cottrell Konecky LLP, and E. Michelle Drake, Berger & Montague, P.C., Counsel for Plaintiffs.

Elizabeth S. Gerling and Eric R. Magnus, Jackson Lewis P.C., Counsel for Defendant BluSky Restoration Contractors, LLC.

## I. INTRODUCTION

This matter is before the Court on Defendant BluSky Restoration Contractors, LLC's Partial Motion to Dismiss Plaintiffs' First Amended Complaint. [Docket No. 68]

1

## II. BACKGROUND

### A. Factual Background

Defendant BluSky Restoration Contractors, LLC ("BluSky") is a non-Minnesota limited liability company, with its principal place of business in Colorado. (First Amended Class and Collective Action Complaint [Docket 67] ("FAC") ¶ 23. ) BluSky provides labor services for restoration, renovation, roofing, and environmental projects around the United States. (Id. ¶ 35.)

Defendant Labor Source, LLC d/b/a Catstaff d/b/a One Source Staffing and Labor ("One Source") is a non-Minnesota limited liability company, with its principal place of business in Olathe, Kansas. (FAC ¶ 22.) One Source is a staffing company that provides workers to perform work throughout the United States, including in Minnesota and Illinois. (Id.) It operates in multiple states and recruits and assigns workers to perform work for other companies. (Id. ¶ 34.) BluSky contracted with One Source to provide manual laborers for BlueSky's restoration projects at worksites in various states. (Id. ¶ 35.)

Plaintiff Marcquise Murphy is an Illinois resident who was employed by both Defendants from August 2017 to October 2017 as a laborer and non-commercial driver in Minnesota and Illinois. (FAC ¶ 17.) Murphy drove

Defendants' workers from Chicago to a jobsite in St. Paul, Minnesota.  (Id. ¶ 41.) (See also Consent to Joint Collective Action [Docket No. 1-1].)

Plaintiff Ratanya Rogers is an Illinois resident who was employed by both Defendants between approximately August and November 2017 as a laborer in Minnesota.  (FAC ¶ 18.)  (See also Consent to Joint Collective Action [Docket No. 1-2].)

Opt-in Plaintiff DeAntwone Norris [Docket No. 25] was employed by both Defendants as a laborer and non-commercial driver, and then as a team lead. (FAC ¶ 52.)  He worked on more than one project for BluSky, including on projects in Minnesota and Missouri.  (Id.)  Norris claims that, during his employment as a team lead, he learned that Defendants implemented the same policies and practices giving rise to wage and hour violations on their project in Minnesota as on their projects nationwide, including but not limited to worksites in Minnesota, Illinois, Missouri, Nebraska, Wisconsin, and Michigan.  (Id. ¶¶ 53-54.)  As team lead, Norris routinely interacted with and communicated with other non-exempt laborers, non-commercial drivers, and other workers who were present at Defendants' worksites.  (Id. ¶ 54.)  He learned that these workers were subjected to similar policies and practices and experienced the same

violations of the FLSA.  (Id.)  For example, when Norris worked on Defendants' project in Missouri, he observed that Defendants used substantially similar policies and practices as he had experienced on the project in Minnesota.  (Id.)

In addition to Norris, four more opt-in Plaintiffs have joined the lawsuit: Devin Pettis (manual laborer and non-commercial driver in Illinois and Minnesota from August 2017 to September 2017); Cynthia Hodo (manual laborer in Minnesota from August 2017 to February 2018); Ledon Brown (manual laborer and non-commercial driver in Minnesota from August 2017 to February 2018); and Laquon Blackmon (manual laborer in Illinois and Minnesota from May 2017 to June 2017).  (See [Docket Nos. 53-55, 62].)

Plaintiffs assert that Defendants employed non-exempt workers and failed to pay them the applicable minimum wage, failed to pay them for all hours worked, failed to pay them for appropriate overtime premiums, and failed to reimburse them for business expenses they incurred on Defendants' behalf. (FAC ¶¶ 2, 39.)  Plaintiffs further allege that Defendants failed to keep records required under Minnesota law, fabricated time sheets, failed to provide adequate wage statements, and failed to timely pay wages.  (Id. ¶¶ 38, 45, 187.)

**B.     Procedural History**

On July 23, 2019, Plaintiffs Murphy and Rogers filed this action against Defendants Labor Source and BluSky in this Court.  Defendants filed a partial motion to dismiss based on lack of personal jurisdiction and failure to state a claim.  [Docket No. 33]  On April 26, 2020, this Court issued an Order adopting in part and modifying in part the Report and Recommendation and granting in part and denying in part the partial motion to dismiss.  [Docket No. 61]  The Court also granted Plaintiffs leave to amend.  ([Docket No. 61] at 4.)

On May 7, 2020, Plaintiffs filed the FAC against BluSky and One Source. The FAC asserts:

> First Cause of Action: Count I: Fair Labor Standards Act ("FLSA") – Overtime Violations (on behalf of the Collective Members); Count II: FLSA – Minimum Wage Violations (on behalf of the Collective Members);
>
> Second Cause of Action: Count I; Minnesota Fair Labor Standards Act ("MFLSA") – Minimum Wage Violations (on behalf of the Minnesota Class); Count II: MFLSA – Overtime Violation (On Behalf of the Minnesota Class); Count III: MFLSA – Expense Reimbursement (On Behalf of the Minnesota Class); Count IV: MFLSA – Payroll Card Account Violation (On Behalf of the Minnesota Class); Count V: MFLSA – Failure to Keep Accurate Records (On Behalf of the Minnesota Class);
>
> Third Cause of Action: Failure to Pay for All Hours Worked Under Minnesota Law (On Behalf of the Minnesota Class);

>Fourth Cause of Action: Count I: Minnesota Payment of Wages Act ("MPWA") – Failure to Pay Wages Promptly (On Behalf of the Minnesota Class); Count II: MPWA – Wage Statement Violation (On Behalf of the Minnesota Class).

The FAC asserts a collective and class action on behalf of Plaintiffs and the following similarly situated individuals: (1) those who have worked for BluSky anywhere in the United States as hourly, non-exempt employees performing restoration, renovation, environmental, roofing, or other construction work, including but not limited to laborers, non-exempt team leads, non-commercial drivers, technicians, carpenters, apprentices, cleaning crew, plumbers, welders, and other laborers with similar job duties, and (2) those hourly, non-exempt laborers who have worked for One Source on any BluSky projects in the State of Minnesota. (FAC ¶ 1.) Plaintiffs assert claims on behalf of themselves, a National Collective, a Minnesota Collective, and a Minnesota Class under Federal Rule of Civil Procedure 23. (FAC ¶¶ 62, 78.)

The National Collective is defined as: "[a]ll current and former hourly, non-exempt employees including, but not limited to, laborers, non-exempt team leads, non-commercial drivers, technicians, carpenters, apprentices, cleaning crew, plumbers, welders, and other laborers with similar job duties employed by

6

Defendant BluSky throughout the United States, within [three years prior to this action's filing date through the final disposition of this action]." (FAC ¶¶ 4, 62.)

BluSky now brings a motion to dismiss addressing only the First Cause of Action, comprised of two FLSA counts. It seeks dismissal with prejudice of Plaintiffs' collective claims in those counts as to employees outside Minnesota. In the alternative, BluSky requests that the Court dismiss all claims against BluSky outside of the Minnesota and Missouri projects or all claims against BlueSky outside of joint ventures with One Source.

## III. DISCUSSION

### A. Motion to Dismiss Standard

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a party may move the Court to dismiss a claim if, on the pleadings, a party has failed to state a claim upon which relief may be granted. In reviewing a motion to dismiss, the Court takes all facts alleged in the complaint to be true. Zutz v. Nelson, 601 F.3d 842, 848 (8th Cir. 2010).

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. Thus, although a complaint need not include detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.

Id. (citations omitted).  A motion to dismiss brought pursuant to Rule 12(b)(6) should not be granted unless "it appears beyond doubt that the plaintiff can prove no set of facts which would entitle him to relief."  Dammann v. Progressive Direct Ins. Co., 856 F.3d 580, 584 (8th Cir. 2017) (citation omitted).

In deciding a motion to dismiss, the Court considers the complaint and "materials that are part of the public record or do not contradict the complaint, as well as materials that are necessarily embraced by the pleadings.  For example, courts may consider matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint."  Greenman v. Jessen, 787 F.3d 882, 887 (8th Cir. 2015) (citations omitted).

### B.  National FLSA Collective

The Court concludes that, at the motion to dismiss stage, Plaintiffs have sufficiently alleged facts to support their claim of similarly situated individuals throughout the United States.  "The term 'similarly situated' is not defined by the FLSA, but it typically requires a showing that an employer's commonly applied decision, policy, or plan similarly affects the potential class members, and inflicts a common injury on plaintiffs and the putative class."  Chin v. Tile Shop, LLC, 57 F. Supp. 3d 1075, 1083 (D. Minn. 2014) (citation omitted).  "To state an FLSA

collective action claim, a complaint must allege facts sufficient to create the plausible inference that there is a group of individuals similarly situated to Plaintiff." Smith v. Pizza Hut, Inc., No. 09-CV-01632-CMA-BNB, 2011 WL 2791331, at *5 (D. Colo. July 14, 2011).  The Court notes that discovery has not yet occurred and that the evidence regarding these issues may properly be addressed at the conditional certification, decertification, or summary judgment stages.  The Court concludes that, under the motion to dismiss standard, Plaintiffs have alleged facts giving rise to a plausible inference that there are similarly situated employees of BluSky nationwide.  Based on the FAC, it is plausible that BluSky implemented its policies and practices nationwide, which caused systematic violations of the FLSA throughout the United States.

Plaintiffs allege specific facts giving rise to FLSA violations in Minnesota, such as unpaid travel between their home state of Illinois and the worksite in Minnesota; off-the-clock post-shift meetings at the worksite; unpaid donning and doffing time; pre-shift unpaid waiting time at a centralized meeting place for Plaintiffs' work; deductions for Plaintiffs' travel expenses and hotel stays; unreimbursed expenses for Plaintiffs' travel to Minnesota and for steel-toed boots required for Plaintiffs to perform their work; and working more than 12

hours of work per day, 6 to 7 days per week and generally working 75 to 80 hours per week each workweek at the Minnesota worksite without being paid the minimum wage and overtime.  (FAC ¶¶ 38-44, 48-49.)  The FAC further provides that Opt-in Plaintiff Norris worked for both Defendants on more than one project as a laborer and non-commercial driver, and later team lead, where he was subject to substantially the same policies and practices on all projects he worked on "including projects in Minnesota and Missouri."  (FAC ¶ 52.)

The FAC connects the policies, practices, and procedures implemented by Defendants, including BluSky, in Minnesota to the policies implemented in Missouri:

> [D]uring the project in Missouri where Mr. Norris worked for Defendants, Defendants utilized substantially similar policies, practices, and procedures as those Mr. Norris and other laborers experienced on the project in Minnesota, as described herein.  These similar practices included unpaid overtime, misrepresenting the hours worked by Mr. Norris and other laborers, failure to reimburse for business expenses, unpaid time spent donning and doffing work and protective gear, uncompensated waiting time, meetings held off-the-clock after the end of shift, and deduction from wages that resulted in Mr. Norris's and other laborers' hourly rates of pay falling below minimum wage.

(FAC ¶ 54.)

The FAC also alleges that "Norris learned during his employment as a team lead that Defendants' policies and practices in Minnesota giving rise to the wage and hour violations complained of here are similar to policies implemented in Defendants' worksites nation-wide, including but not limited to Illinois, Missouri, Nebraska, Wisconsin, and Michigan."  (Id. ¶ 53.)  Allegations of the firsthand experiences of Murphy, Rogers, and Norris in Minnesota and Missouri along with allegations from Norris that he was told by other laborers that BluSky carried out the same policies and practices that violated the FLSA in six separate states is sufficient to state a plausible claim that BluSky carried out these same policies on its jobsites throughout the nation.  Furthermore, at this stage, a reasonable reading of the FAC is that the specific factual allegations of BluSky's practices in Minnesota giving rise to FLSA violations, such as failing to pay overtime or for donning and doffing, were experienced by Norris in Missouri and were the practices referred to by the laborers who reported "similar or nearly identical practices" in other states to Norris.

### C. Defendants' Joint Ventures

The Court concludes that, at this early pleading stage, Plaintiffs' collective claims need not be limited to employees who worked for BluSky-One Source joint ventures.

11

BluSky points out that, throughout the FAC, Plaintiffs allege that "Defendants" engaged in various practices and policies that result in off-the-clock work, improper expense deductions, failure to provide appropriate wage statements, and underpayment of wages including minimum wage and overtime violations.  (FAC ¶¶ 38-51.)  Plaintiffs further allege that Defendants engaged in a "jointly enacted scheme," acted "jointly," acted "individually and/or jointly," and acted "in their capacities as individual and joint employers" to dilute their pay or otherwise underpay them. (See, e.g., id. ¶¶ 48, 99, 104, 106-07, 127). Plaintiffs also allege, "[u]pon information and belief," that BluSky's violations "occur in a similar fashion across its numerous job sites around the United States, whether or not those job sites are staffed using Defendant One Source as a staffing company."  (Id. ¶ 95.)

Plaintiffs point out that the National Collective's claims are asserted against BluSky alone, not because Plaintiffs admit that One Source failed to commit FLSA violations outside of Minnesota, but because the Court concluded that only BluSky is subject to this Court's general jurisdiction.  The fact that BluSky allegedly violated the FLSA in concert with another Defendant who cannot be held liable in this Court for actions taken outside Minnesota due to

lack of personal jurisdiction does not absolve BluSky of liability.  And the FAC does allege that BluSky acted jointly and/or individually and that BluSky's actions were the same on projects that did not involve One Source.  Additionally, at this early pleadings stage, the Court concludes that simply because Plaintiffs assert that both Defendants took actions in violation of the FLSA in Minnesota, Illinois, Missouri, Nebraska, Wisconsin, and Michigan does not limit Plaintiffs' claims to only projects jointly managed by both Defendants.

Accordingly, based upon the files, records, and proceedings herein**, IT IS HEREBY ORDERED**:

> Defendant BluSky Restoration Contractors, LLC's Partial Motion to Dismiss Plaintiffs' First Amended Complaint [Docket No. 68] is **DENIED**.

Dated:  October 14, 2020              s/ Michael J. Davis
                                      Michael J. Davis
                                      United States District Court