## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Marcquise Murphy and Ratanya Rogers, individually and on behalf of all others similarly situated,

                    Plaintiffs,

v.

Labor Source, LLC d/b/a Catstaff d/b/a One Source Staffing and Labor, and BluSky Restoration Contractors, LLC,

                    Defendants.

Civil No. 19-cv-01929 (MJD/ECW)

**DEFENDANT BLUSKY RESTORATION CONTRACTOR, LLC'S ANSWER TO PLAINTIFFS' FIRST AMENDED CLASS AND COLLECTIVE ACTION COMPLAINT**

Defendant BluSky Restoration Contractors, LLC (hereinafter "Defendant" or "BluSky"), by and through its undersigned counsel, answers Plaintiffs Marcquise Murphy and Ratanya Rogers (collectively "Plaintiffs") First Amended Class and Collective Action Complaint ("Complaint") as follows.

For each and every allegation in the Complaint concerning the conduct of "Defendants" generally, BluSky responds only to such allegation as it pertains to BluSky's conduct specifically. BluSky lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning the conduct of "Defendants" generally or the conduct of One Source, and therefore BluSky denies the same, except as otherwise admitted, denied, qualified or alleged hereafter.

In response to the unnumbered opening paragraph, BluSky admits that Plaintiffs purport to bring this action as a putative collective and class action under the Fair Labor Standards Act ("FLSA"), Minnesota Fair Labor Standards Act ("MFLSA"), and other state

law claims.  BluSky denies that this case may proceed as a collective or class action against it and denies any other allegations in this paragraph to the extent they are asserted against BluSky.

## INTRODUCTORY ALLEGATIONS

1.      Defendant acknowledges that Plaintiffs have brought this action as a collective and class action on behalf of all "Laborers" that allegedly worked for BluSky anywhere in the United States.  Defendant denies that Plaintiffs are entitled to proceed collectively or on behalf of a class or collective. Defendant further denies that Plaintiffs or any putative class or collective members worked for Defendant. Defendant further acknowledges that Plaintiffs allege minimum wage and overtime violations of the FLSA, MFLSA and MPWA.  Defendant denies it has violated any of these laws with respect to Plaintiffs or any putative class or collective members.

2.      Defendant admits the allegations contained in the first sentence of paragraph 2 of Plaintiffs' Complaint but denies the allegations contained in footnote 1 of Plaintiffs' Complaint that "Laborers" are similarly situated as legal conclusions.  Because Defendant did not pay Plaintiffs as it did not employ Plaintiffs, Defendant lacks sufficient information to affirm or deny the allegations contained in the second, third and fourth sentences of paragraph 2 of Plaintiffs' Complaint.  For this reason, Defendant denies these allegations.  Defendant denies the allegations contained in the last sentence of paragraph 2 of Plaintiffs' Complaint as legal conclusions.

3.      Defendant acknowledges that Plaintiffs have sued Defendant for allegedly violating the wage and hour provisions of the FLSA.  Defendant denies that Plaintiffs are

"similarly situated" to any employees of Defendant. Defendant denies that it employed Plaintiffs or any putative class or collective members. Defendant denies that it has violated the FLSA.

4.      Defendant acknowledges that Plaintiffs have defined a putative FLSA collective in paragraph 4 of Plaintiffs' Complaint. Defendant denies that it has employed Plaintiffs or any putative class or collective members. Defendant denies that Plaintiffs' definition of the "Relevant Time Period" is consistent with applicable law. The applicable statute of limitations under the FLSA is three years prior to the date each opt-in files his or her consent to participate, not the date that is three years prior to the filing of this Action. Defendant denies that Plaintiffs are entitled to proceed on a class or collective basis on behalf of any other individuals.

5.       Defendant acknowledges that Plaintiffs have defined a putative MFLSA class in paragraph 5 of Plaintiffs' Complaint. Defendant denies that it has employed Plaintiffs or any putative class or collective members. Defendant denies that Plaintiffs are entitled to proceed on a class or collective basis on behalf of any other individuals.

6.      Defendant acknowledges that Plaintiffs seek the relief described in paragraph 6 of Plaintiffs' Complaint. Defendant denies that Plaintiffs are entitled to such relief and denies that Plaintiffs are "similarly situated" to any employees of Defendant. Defendant denies that Plaintiffs are entitled to equitable tolling as there are no facts or bases to support such a claim for relief.

7.      Defendant acknowledges that Plaintiffs have brought this action under Minnesota wage and hour statutes. Defendant denies that it has violated any such laws.

3

Defendant further acknowledges that Plaintiffs have defined a putative Minnesota class in paragraph 7 of Plaintiffs' Complaint.  Defendant denies that it has employed Plaintiffs or any putative class or collective members.  Defendant lacks sufficient information to affirm or deny the allegations in the last sentence of paragraph 7 as Defendant does not know what Plaintiffs intend to do.  Defendant denies that Plaintiffs are entitled to proceed on a class basis under Rule 23 of the Federal Rules of Civil Procedure.

8.     Defendant acknowledges that Plaintiffs seeks the relief identified in paragraph 8 of Plaintiffs' Complaint, but denies that Plaintiffs are entitled to any such relief.  Defendant denies that it has employed Plaintiffs or any putative class or collective members.

9.     Defendant acknowledges that Plaintiffs have brought this action on behalf of the stated class.  Defendant denies that Plaintiffs are entitled to proceed on behalf of a class, denies that Plaintiffs are similarly situated to any employees of Defendant, and denies that it employed Plaintiffs or any putative class or collective members.

**ALLEGATONS AS TO JURISDICTION AND VENUE**

10.     Paragraph 10 asserts a legal conclusion regarding jurisdiction to which no response is required.  To the extent a response is required, Defendant admits the Court has subject matter jurisdiction over this action.

11.     Paragraph 11 asserts a legal conclusion regarding jurisdiction to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in paragraph 11 of Plaintiffs' Complaint.

12.     Paragraph 12 asserts a legal conclusion regarding jurisdiction to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in paragraph 12 of Plaintiffs' Complaint.

13.     Defendant denies the allegations contained in paragraph 13 of Plaintiffs' Complaint.

14.     The allegations contained in paragraph 14 of Plaintiffs' Complaint state a legal conclusion to which no affirmation or denial is required.  To the extent a response is required, Defendant denies the allegations contained in paragraph 14 of Plaintiffs' Complaint.

15.     Defendant lacks sufficient information to affirm or deny the allegations in paragraph 15 of Plaintiff's Complaint regarding One Source.  To the extent a response is required, Defendant denies the allegations contained in paragraph 15 of Plaintiffs' Complaint.

16.     Paragraph 16 asserts a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in paragraph 16 of Plaintiffs' Complaint.

## ALLEGATIONS AS TO THE PARTIES

17.     Defendant lacks sufficient information to affirm or deny the allegations contained in the first sentence of paragraph 17 of Plaintiffs' Complaint.  For this reason, Defendant denies the allegations.  Defendant denies the allegations contained in the second sentence of paragraph 17 of Plaintiffs' Complaint.

18.     Defendant lacks sufficient information to affirm or deny the allegations contained in the first sentence of paragraph 18 of Plaintiffs' Complaint.  For this reason, Defendant denies the allegations.  Defendant denies the allegations contained in the second sentence of paragraph 18 of Plaintiffs' Complaint**.**

19.     Defendant denies the allegations contained in paragraph 19 of Plaintiffs' Complaint.

20.     Defendant denies the allegations contained in paragraph 20 of Plaintiffs' Complaint.

21.     Defendant denies the allegations contained in paragraph 21 of Plaintiffs' Complaint.

22.     Defendant lacks sufficient information to affirm or deny the allegations contained in the first sentence of paragraph 22 of Plaintiffs' Complaint regarding One Source.  Upon information and belief, Defendant admits the remaining allegations contained in paragraph 22 of Plaintiffs' Complaint.

23.     Defendant admits the allegations contained in paragraph 23 of Plaintiffs' Complaint.

24.     Defendant denies the allegations contained in paragraph 24 of Plaintiffs' Complaint.

25.     Defendant denies the allegations contained in paragraph 25 of Plaintiffs' Complaint with respect to Plaintiffs.

26.     Defendant denies the allegations contained in paragraph 26 of Plaintiffs' Complaint.

27.     Defendant denies the allegations contained in paragraph 27 of Plaintiffs' Complaint.

28.     Paragraph 28 sets forth a legal conclusion to which no response is required. To the extent a response is deemed required, Defendant admits that it has been subject to the FLSA at all material times.  Defendant lacks sufficient information to affirm or deny this allegation with respect to One Source.

29.     Paragraph 29 sets forth a legal conclusion to which no response is required. To the extent a response is deemed required, Defendant denies the allegations contained in paragraph 29 of Plaintiffs' Complaint with respect to Plaintiffs.

30.     Paragraph 30 sets forth a legal conclusion to which no response is required. To the extent a response is deemed required, Defendant admits the allegations contained in paragraph 30 of Plaintiffs' Complaint.

31.     Paragraph 31 sets forth a legal conclusion to which no response is required. To the extent a response is deemed required, Defendant admits the allegations contained in paragraph 31 of Plaintiffs' Complaint with respect to Defendant. Defendant lacks sufficient information to affirm or deny this allegation with respect to One Source.

32.     Defendant denies the allegations contained in paragraph 32 of Plaintiffs' Complaint.

33.     Defendant admits the allegations contained in paragraph 33 of Plaintiffs' Complaint.

## FACTUAL ALLEGATIONS

34.     Upon information and believe, Defendant admits that One Source is a staffing company.  Defendant lacks sufficient information to affirm or deny the remaining allegations contained in paragraph 34 of Plaintiffs' Complaint.  For this reason, Defendant denies the allegations.

35.     Defendant denies the allegations contained in paragraph 35 of Plaintiffs' Complaint.

36.     Defendant denies the allegations contained in paragraph 36 of Plaintiffs' Complaint.

37.     Defendant denies the allegations contained in paragraph 37 of Plaintiffs' Complaint.

38.     Defendant lacks sufficient information to affirm or deny the allegations contained in paragraph 38 of Plaintiffs' Complaint because Defendant does not oversee or supervise Plaintiffs or keep track of their hours of work.  For this reason, Defendant denies the allegations contained in paragraph 38 of Plaintiffs' Complaint.

39.     Defendant lacks sufficient information to affirm or deny the allegations contained in paragraph 39 of Plaintiffs' Complaint because Defendant does not oversee or supervise Plaintiffs or keep track of their hours of work.  For this reason, Defendant denies the allegations contained in paragraph 39 of Plaintiffs' Complaint.

40.     Defendant lacks sufficient information to affirm or deny the allegations contained in paragraph 40 of Plaintiffs' Complaint because Defendant does not oversee or

supervise Plaintiffs or keep track of their hours of work. For this reason, Defendant denies the allegations contained in paragraph 40 of Plaintiffs' Complaint.

41.     Defendant lacks sufficient information to affirm or deny the allegations contained in paragraph 41 of Plaintiffs' Complaint because Defendant does not oversee or supervise Plaintiffs or keep track of their hours of work. For this reason, Defendant denies the allegations contained in paragraph 41 of Plaintiffs' Complaint.

42.     Defendant lacks sufficient information to affirm or deny the allegations contained in paragraph 42 of Plaintiffs' Complaint regarding Plaintiffs or class or collective members' compensation because Defendant does not pay Plaintiffs and Defendant lacks information regarding how long it takes to put on PPE. Defendant denies all of the remaining allegations contained in paragraph 42 of Plaintiffs' Complaint.

43.     Defendant lacks sufficient information to affirm or deny the allegations contained in paragraph 43 of Plaintiffs' Complaint regarding Plaintiffs or class or collective members' compensation because Defendant does not pay Plaintiffs nor control their work-related activities. Defendant denies all of the remaining allegations contained in paragraph 43 of Plaintiffs' Complaint.

44.     Defendant lacks sufficient information to affirm or deny the allegations contained in paragraph 44 of Plaintiffs' Complaint because Defendant does not control how Plaintiffs arrive at the worksites contracted for with One Source, nor does Defendant pay Plaintiffs. For these reasons, Defendant denies the allegations contained in paragraph 44 of Plaintiffs' Complaint.

45.     Defendant lacks sufficient information to affirm or deny the allegations contained in paragraph 45 of Plaintiffs' Complaint because Defendant does not pay Plaintiffs and does not have knowledge of Plaintiffs' actual hours of work.  For these reasons, Defendant denies the allegations contained in paragraph 45 of Plaintiffs' Complaint.

46.     Defendant lacks sufficient information to affirm or deny the allegations contained in paragraph 46 of Plaintiffs' Complaint because Defendant does not pay Plaintiffs.  For this reason, Defendant denies the allegations contained in paragraph 46 of Plaintiffs' Complaint.

47.     Defendant lacks sufficient information to affirm or deny the allegations contained in paragraph 47 of Plaintiffs' Complaint because Defendant does not pay Plaintiffs.  For this reason, Defendant denies the allegations contained in paragraph 47 of Plaintiffs' Complaint.

48.     Defendant denies the allegations contained in paragraph 48 of Plaintiffs' Complaint.

49.     Defendant lacks sufficient information to affirm or deny the allegations contained in paragraph 49 of Plaintiffs' Complaint because Defendant does not pay Plaintiffs.  For this reason, Defendant denies the allegations contained in paragraph 49 of Plaintiffs' Complaint.

50.     Defendant lacks sufficient information to affirm or deny the allegations contained in paragraph 50 of Plaintiffs' Complaint because Defendant does not pay

Plaintiffs.  For this reason, Defendant denies the allegations contained in paragraph 50 of Plaintiffs' Complaint.

51.     Defendant denies the allegations contained in paragraph 51 of Plaintiffs' Complaint.

52.     Defendant denies the allegations contained in paragraph 52 of Plaintiffs' Complaint.

53.     Defendant lacks sufficient information to affirm or deny what Plaintiff Norris learned.  Defendant denies that it employed Norris.  Defendant denies all of the remaining allegations contained in paragraph 53 of Plaintiffs' Complaint.

54.     Defendant denies that it employed Norris.  Defendant lacks sufficient information to affirm or deny whether Norris interacted and communicated with other individuals at job sites, or what Mr. Norris "understands."  Defendant denies all of the remaining allegations contained in paragraph 54 of Plaintiffs' Complaint.

55.     Defendant denies the allegations contained in the first sentence of paragraph 55 of Plaintiffs' Complaint. Defendant admits that Plaintiffs, Class and Collective members are employed by One Source. Defendant denies the allegations contained in the third and fourth sentences of paragraph 55 of Plaintiffs' Complaint.  Upon information and belief, Defendant admits the allegations contained in the fifth and sixth sentences of paragraph 55 of Plaintiffs' Complaint. Defendant denies that it is an "employer" under the FLSA with respect to any Plaintiffs, Class and Collective members.

56.     Defendant admits the allegations contained in the first sentence of paragraph 56 of Plaintiffs' Complaint.  Defendant lacks sufficient information to affirm or

deny the remainder of the allegations contained in paragraph 56 of Plaintiffs' Complaint and therefore denies them.

57.     Defendant denies the allegations contained in paragraph 57 of Plaintiffs' Complaint.

## COLLECTIVE ACTION ALLEGATIONS

58.     Defendant re-alleges and incorporates by reference each and every response set forth in paragraphs 1-57 of this Answer.

59.     Defendant lacks sufficient information to affirm or deny what knowledge Plaintiffs have or who Plaintiffs spoke with. Defendant denies the existence of any "improper time reduction scheme," any denial of minimum wage or overtime and any other alleged statutory violation, as well as Plaintiffs' allegation they were "Defendants' employees."

60.     Defendant denies the allegations contained in paragraph 60 of Plaintiffs' Complaint.

61.     Defendant denies the allegations contained in paragraph 61 of Plaintiffs' Complaint.

62.     Defendant acknowledges Plaintiffs' collective definitions but denies Plaintiffs are entitled to proceed collectively on behalf of the putative collectives.

63.     Defendant denies the allegations contained in paragraph 63 of Plaintiffs' Complaint.

64.     Defendant denies the allegations contained in paragraph 64 of Plaintiffs' Complaint.

65.     Defendant denies the allegations contained in paragraph 65 of Plaintiffs' Complaint.

66.     Defendant lacks sufficient information to affirm or deny the allegations contained in paragraph 66 of Plaintiffs' Complaint because Defendant does not oversee Plaintiffs or keep track of their hours of work. For this reason, Defendant denies the allegations contained in paragraph 66 of Plaintiffs' Complaint.

67.     Defendant lacks sufficient information to affirm or deny the allegations contained in paragraph 67 of Plaintiffs' Complaint because Defendant does not oversee Plaintiffs or keep track of their hours of work.  For this reason, Defendant denies the allegations contained in paragraph 67 of Plaintiffs' Complaint.

68.     Defendant denies the allegations contained in paragraph 68 of Plaintiffs' Complaint.

69.     Defendant denies that Plaintiffs are similarly situated to or entitled to proceed on behalf of any "Collective Members."  Defendant admits the remaining allegations contained in paragraph 69 of Plaintiffs' Complaint based on Plaintiffs' definition of the Collectives being limited to non-exempt employees.

70.     Defendant denies the allegations contained in paragraph 70 of Plaintiffs' Complaint.

71.     Defendant denies the allegations contained in paragraph 71 of Plaintiffs' Complaint.

72.     Defendant denies the allegations contained in paragraph 72 of Plaintiffs' Complaint.

73.    Defendant denies the allegations contained in paragraph 73 of Plaintiffs' Complaint.

74.    Defendant denies there are any "Collective Members" similarly situated to Plaintiffs.  As statements of law, the remainder of the allegations in paragraph 74 are accurate.

75.    Defendant denies the allegations contained in paragraph 75 of Plaintiffs' Complaint.

76.    Defendant denies the allegations contained in paragraph 76 of Plaintiffs' Complaint.

77.    Defendant denies the allegations contained in paragraph 77 of Plaintiffs' Complaint.

## CLASS ACTION ALLEGATIONS FOR MINNESOTA STATE CLAIMS

78.    Defendant acknowledges that Plaintiffs bring this action as a putative class action on behalf of the stated "Minnesota class." Defendant denies that Plaintiffs are entitled to proceed as a class action under Rule 23.

79.    Defendant denies the allegations contained in paragraph 79 of Plaintiffs' Complaint.

80.    Defendant denies the allegations contained in paragraph 80 of Plaintiffs' Complaint.

81.    Defendant denies the allegations contained in paragraph 81 of Plaintiffs' Complaint.

82.     Defendant denies the allegations contained in paragraph 82 of Plaintiffs' Complaint.

83.     Defendant denies the allegations contained in paragraph 83 of Plaintiffs' Complaint.

84.     Defendant denies the allegations contained in paragraph 84 of Plaintiffs' Complaint.

85.     Defendant denies the allegations contained in paragraph 85 of Plaintiffs' Complaint.

86.     Defendant denies the allegations contained in paragraph 86 of Plaintiffs' Complaint.

## ALLEGATIONS AS TO FIRST CAUSE OF ACTION, COUNT I: VIOLATION OF THE FAIR LABOR STANDARDS ACT

87.     Defendant re-alleges and incorporates by reference each and every response set forth in paragraphs 1-86 of this Answer.

88.     Defendant denies that the FLSA requires that covered employees receive compensation for "all hours worked."  Defendant admits the remainder of the allegations contained in paragraph 88 of Plaintiffs' Complaint as statements of law.

89.     Defendant denies the allegations contained in paragraph 89 of Plaintiffs' Complaint.

90.     Defendant denies the allegations contained in paragraph 90 of Plaintiffs' Complaint.

91.     Defendant denies the allegations contained in paragraph 91 of Plaintiffs' Complaint.

92.     Defendant denies the allegations contained in paragraph 92 of Plaintiffs' Complaint.

93.     Defendant denies the allegations contained in paragraph 93 of Plaintiffs' Complaint.

94.     Defendant denies the allegations contained in paragraph 94 of Plaintiffs' Complaint.

95.     Defendant denies the allegations contained in paragraph 95 of Plaintiffs' Complaint.

96.     Defendant denies the allegations contained in paragraph 96 of Plaintiffs' Complaint with respect to the job sites on which One Source employed workers for BluSky projects.  Defendant lacks sufficient information to affirm or deny Plaintiffs' allegations in paragraph 96 of the Complaint with respect to job sites on which One Source employs workers for non-BluSky projects.

97.     Defendant denies the allegations contained in paragraph 97 of Plaintiffs' Complaint.

98.     Defendant denies the allegations contained in paragraph 98 of Plaintiffs' Complaint.

99.     Defendant denies the allegations contained in paragraph 99 of Plaintiffs' Complaint.

100.    Defendant denies the allegations contained in paragraph 100 of Plaintiffs'
Complaint.

101.    Defendant acknowledges that Plaintiffs request the stated relief on behalf of
a collective.  Defendant denies that Plaintiffs are entitled to any such relief or that they are
"similarly situated" to the collective pled in the Complaint.

## ALLEGATIONS AS TO COUNT II: VIOLATION OF THE FAIR LABOR STANDARDS ACT MINIMUM WAGE REQUIREMENT

102.    Defendant re-alleges and incorporates by reference each and every response
set forth in paragraphs 1-101 of this Answer.

103.    Defendant denies the allegations contained in paragraph 103 of Plaintiffs'
Complaint.

104.    Defendant denies the allegations contained in paragraph 104 of Plaintiffs'
Complaint.

105.    Defendant denies the allegations contained in paragraph 105 of Plaintiffs'
Complaint.

106.    Defendant denies the allegations contained in paragraph 106 of Plaintiffs'
Complaint.

107.    Defendant denies the allegations contained in paragraph 107 of Plaintiffs'
Complaint.

108.    Defendant denies the allegations contained in paragraph 108 of Plaintiffs'
Complaint.

109.    Defendant denies the allegations contained in paragraph 109 of Plaintiffs' Complaint.

110.    Defendant acknowledges that Plaintiffs request the stated relief on behalf of a collective.  Defendant denies that Plaintiffs are entitled to any such relief or that they are "similarly situated" to the collective pled in the Complaint.

## ALLEGATIONS AS TO SECOND CAUSE OF ACTION, COUNT I: VIOLATION OF THE MINNESOTA FAIR LABOR STANDARDS ACT MINIMUM WAGE REQUIREMENT

111.    Defendant re-alleges and incorporates by reference each and every response set forth in paragraphs 1-110 of this Answer.

112.    Defendant denies the allegations contained in paragraph 112 of Plaintiffs' Complaint.

113.    Defendant admits the allegations contained in paragraph 113 of Plaintiffs' Complaint accurately state the applicable law.  Defendant denies it has violated such law.

114.    Defendant denies the allegations contained in paragraph 114 of Plaintiffs' Complaint.

115.    Defendant admits the allegations contained in paragraph 115 of Plaintiffs' Complaint accurately state the applicable law.  Defendant denies it has violated such law.

116.    Defendant admits the allegations contained in paragraph 116 of Plaintiffs' Complaint accurately state the applicable law.  Defendant denies it has violated such law.

117.    Defendant admits that paragraph 117 of Plaintiffs' Complaint accurately quotes Minn. Stat. § 177.27.  Defendant denies that Plaintiffs and the putative Minnesota

class members are entitled to recover any allegedly unpaid minimum wages under the MFLSA.

118.    Defendant admits the allegations contained in paragraph 118 of Plaintiffs' Complaint accurately state the applicable law. Defendant denies it has violated such law.

119.    Defendant admits the allegations contained in paragraph 119 of Plaintiffs' Complaint accurately state the applicable law. Defendant denies it has violated such law.

120.    Defendant denies the allegations contained in paragraph 120 of Plaintiffs' Complaint.

121.    Defendant denies the allegations contained in paragraph 121 of Plaintiffs' Complaint.

122.    Defendant acknowledges that Plaintiffs request the stated relief on behalf of a class. Defendant denies that Plaintiffs are entitled to any such relief.

## ALLEGATIONS AS TO COUNT II: VIOLATION OF THE MINNESOTA FAIR LABOR STANDARDS ACT OVERTIME REQUIREMENT

123.    Defendant re-alleges and incorporates by reference each and every response set forth in paragraphs 1-122 of this Answer.

124.    Defendant lacks sufficient information to affirm or deny the allegations contained in paragraph 124 of Plaintiffs' Complaint regarding Plaintiffs or class or collective members' compensation because Defendant does not pay Plaintiffs. For this reason, Defendant denies the allegations.

125.    Defendant admits the allegations contained in paragraph 125 of Plaintiffs' Complaint accurately state the applicable law. Defendant denies it has violated such law.

126.    Defendant lacks sufficient information to affirm or deny the allegations contained in paragraph 126 of Plaintiffs' Complaint because Defendant does not employ Plaintiffs or any members of the Minnesota class.  For this reason, Defendant denies the allegations.

127.    Defendant denies the allegations contained in paragraph 127 of Plaintiffs' Complaint.

128.    Defendant admits the allegations contained in paragraph 128 of Plaintiffs' Complaint accurately state the applicable law.  Defendant denies it has violated such law.

129.    Defendant admits the allegations contained in paragraph 129 of Plaintiffs' Complaint accurately state the applicable law.  Defendant denies it has violated such law.

130.    Defendant admits the allegations contained in paragraph 130 of Plaintiffs' Complaint accurately state the applicable law.  Defendant denies it has violated such law.

131.    Defendant lacks sufficient information to affirm or deny the allegations contained in paragraph 131 of Plaintiffs' Complaint because Plaintiffs' allegation that "[a]ll other wages are subject to Minnesota's overtime requirements" is vague and ambiguous.

132.    Defendant admits the allegations contained in paragraph 132 of Plaintiffs' Complaint accurately state the applicable law.  Defendant denies it has violated such law.

133.    Defendant admits that paragraph 133 of Plaintiffs' Complaint accurately quotes Minn. Stat. § 177.27.  Defendant denies that Plaintiffs and the putative Minnesota class members are entitled to recover any allegedly unpaid overtime wages under the MFLSA.

134.    Defendant admits the allegations contained in paragraph 134 of Plaintiffs' Complaint accurately state the applicable law.  Defendant denies it has violated such law.

135.    Defendant admits the allegations contained in paragraph 135 of Plaintiffs' Complaint accurately state the applicable law.  Defendant denies it has violated such law.

136.    Defendant denies the allegations contained in paragraph 136 of Plaintiffs' Complaint.

137.    Defendant denies the allegations contained in paragraph 137 of Plaintiffs' Complaint.

138.    Defendant acknowledges that Plaintiffs request the stated relief on behalf of a class.  Defendant denies that Plaintiffs are entitled to any such relief.

## ALLEGATIONS AS TO COUNT III: VIOLATION OF THE MINNESOTA FAIR LABOR STANDARDS ACT EXPENSE REIMBURSEMENT

139.    Defendant re-alleges and incorporates by reference each and every response set forth in paragraphs 1-138 of this Answer.

140.    Defendant admits the allegations contained in paragraph 140 of Plaintiffs' Complaint accurately state the applicable law.  Defendant denies it has violated such law.

141.    Defendant denies the allegations contained in paragraph 141 of Plaintiffs' Complaint.

142.    Defendant denies the allegations contained in paragraph 142 of Plaintiffs' Complaint.

143.    Defendant acknowledges that Plaintiffs request the stated relief on behalf of a class.  Defendant denies that Plaintiffs are entitled to any such relief.

## ALLEGATIONS AS TO COUNT IV: VIOLATION OF THE MINNESOTA FAIR LABOR STANDARDS ACT PAYROLL CARD ACCOUNT VIOLATION

144.    Defendant re-alleges and incorporates by reference each and every response set forth in paragraphs 1-143 of this Answer.

145.    Defendant admits the allegations contained in the first, third, fourth and fifth sentences of paragraph 145 of Plaintiffs' Complaint accurately state the applicable law. Defendant denies it has violated such law.  Defendant denies that the allegations contained in the second sentence of paragraph 145 of Plaintiffs' Complaint are an accurate recitation of MFLSA § 177.255.

146.    Defendant denies the allegations contained in paragraph 146 of Plaintiffs' Complaint.

147.    Defendant admits the allegations contained in paragraph 147 of Plaintiffs' Complaint accurately state the applicable law.  Defendant denies it has violated such law.

148.    Defendant denies the allegations contained in paragraph 148 of Plaintiffs' Complaint.

149.    Defendant acknowledges that Plaintiffs request the stated relief on behalf of a class.  Defendant denies that Plaintiffs are entitled to any such relief.

## ALLEGATIONS AS TO COUNT V: VIOLATION OF THE MINNESOTA FAIR LABOR STANDARDS ACT FAILURE TO KEEP ACCURATE RECORDS

150.    Defendant re-alleges and incorporates by reference each and every response set forth in paragraphs 1-149 of this Answer.

151.    Defendant lacks sufficient information to affirm or deny the allegations contained in paragraph 151 of Plaintiffs' Complaint because Defendant was and is not

Plaintiffs' employer.  Therefore, Defendant is not required to "maintain accurate payroll records for Plaintiffs and putative Minnesota class members as required by Minnesota law."

152.    Defendant admits the allegations contained in paragraph 152 of Plaintiffs' Complaint accurately state the applicable law.  Defendant denies it has violated such law.

153.    Defendant denies the allegations contained in paragraph 153 of Plaintiffs' Complaint.

154.    Defendant admits the allegations contained in paragraph 154 of Plaintiffs' Complaint accurately state the applicable law.  Defendant denies it has violated such law.

155.    Defendant admits the allegations contained in paragraph 155 of Plaintiffs' Complaint accurately state the applicable law.  Defendant denies it has violated such law.

156.    Defendant admits the allegations contained in paragraph 156 of Plaintiffs' Complaint accurately state the applicable law.  Defendant denies it has violated such law.

157.    Defendant admits the allegations contained in paragraph 157 of Plaintiffs' Complaint accurately state the applicable law.  Defendant denies it has violated such law.

158.    Defendant lacks sufficient information to affirm or deny the allegations contained in paragraph 158 of Plaintiffs' Complaint because Defendant was and is not Plaintiffs' employer and a result, did not maintain payroll records for Plaintiffs and putative Minnesota class members.  For this reason, Defendant denies paragraph 158 of Plaintiffs' Complaint.

159.    Defendant denies the allegations contained in paragraph 159 of Plaintiffs' Complaint.

160.    Defendant acknowledges that Plaintiffs request the stated relief on behalf of a class.  Defendant denies that Plaintiffs are entitled to any such relief or that they are "similarly situated" to the class pled in the Complaint.

## ALLEGATIONS AS TO THIRD CAUSE OF ACTION: FAILURE TO PAY FOR ALL HOURS WORKED UNDER MINNESOTA LAW

161.    Defendant re-alleges and incorporates by reference each and every response set forth in paragraphs 1-160 of this Answer.

162.    Defendant denies the allegations contained in paragraph 162 of Plaintiffs' Complaint.

163.    Defendant denies the allegations contained in paragraph 163 of Plaintiffs' Complaint.

164.    Defendant admits the allegations contained in paragraph 164 of Plaintiffs' Complaint accurately state the applicable law.  Defendant denies it has violated such law.

165.    Defendant admits the allegations contained in paragraph 165 of Plaintiffs' Complaint accurately state the applicable law.  Defendant denies it has violated such law.

166.    Defendant denies the allegations contained in paragraph 166 of Plaintiffs' Complaint.

167.    Defendant admits the allegations contained in paragraph 167 of Plaintiffs' Complaint accurately state the applicable law.  Defendant denies it has violated such law.

168.    Defendant admits the allegations contained in paragraph 168 of Plaintiffs' Complaint accurately state the applicable law.  Defendant denies it has violated such law.

169.     Defendant denies the allegations contained in paragraph 169 of Plaintiffs' Complaint.

170.     Defendant admits the allegations contained in paragraph 170 of Plaintiffs' Complaint accurately state the applicable law.  Defendant denies it has violated such law.

171.     Defendant denies the allegations contained in paragraph 171 of Plaintiffs' Complaint.

172.     Defendant denies the allegations contained in paragraph 172 of Plaintiffs' Complaint.

173.     Defendant acknowledges that Plaintiffs request the stated relief on behalf of a class.  Defendant denies that Plaintiffs are entitled to any such relief.

## ALLEGATIONS AS TO FOURTH CAUSE OF ACTION, COUNT I: FAILURE TO PAY WAGES PROMPTLY UNDER MINNESOTA PAYMENT OF WAGES ACT

174.     Defendant re-alleges and incorporates by reference each and every response set forth in paragraphs 1-173 of this Answer.

175.     Defendant denies the allegations contained in paragraph 175 of Plaintiffs' Complaint.

176.     Defendant denies the allegations contained in paragraph 176 of Plaintiffs' Complaint.

177.     Defendant admits the allegations contained in paragraph 177 of Plaintiffs' Complaint accurately state the applicable law.  Defendant denies it has violated such law.

178.     Defendant admits the allegations contained in paragraph 178 of Plaintiffs' Complaint accurately state the applicable law.  Defendant denies it has violated such law.

179.    Defendant admits the allegations contained in paragraph 179 of Plaintiffs' Complaint accurately state the applicable law.  Defendant denies it has violated such law.

180.    Defendant admits the allegations contained in paragraph 180 of Plaintiffs' Complaint accurately state the applicable law.  Defendant denies it has violated such law.

181.    Defendant denies the allegations contained in paragraph 181 of Plaintiffs' Complaint.

182.    Defendant denies the allegations contained in paragraph 182 of Plaintiffs' Complaint.

183.    Defendant denies the allegations contained in paragraph 183 of Plaintiffs' Complaint.

184.    Defendant acknowledges that Plaintiffs request the stated relief on behalf of a class.  Defendant denies that Plaintiffs are entitled to any such relief.

## ALLEGATIONS AS TO COUNT II: WAGE STATEMENT VIOLATION UNDER MINNESOTA PAYMENT OF WAGES ACT

185.    Defendant re-alleges and incorporates by reference each and every response set forth in paragraphs 1-184 of this Answer.

186.    Defendant admits the allegations contained in paragraph 186 of Plaintiffs' Complaint accurately state the applicable law.  Defendant denies it has violated such law.

187.    Defendant denies the allegations contained in paragraph 187 of Plaintiffs' Complaint.

188.    Defendant denies the allegations contained in paragraph 188 of Plaintiffs' Complaint.

189.   Defendant denies the allegations contained in paragraph 189 of Plaintiffs' Complaint.

190.   Defendant denies the allegations contained in paragraph 190 of Plaintiffs' Complaint.

191.   Defendant acknowledges that Plaintiffs request the stated relief on behalf of a class.  Defendant denies that Plaintiffs are entitled to any such relief.

## JURY DEMAND

192.   Paragraph 192 asserts a legal conclusion regarding entitlement to a jury trial to which no response is required.

## PRAYER FOR RELIEF

The remainder of the Complaint is a prayer for relief requiring neither admissions nor denials by Defendant.  To the extent, however, the prayer gives rise to any inference such relief is proper or that Plaintiffs or any purported class is entitled to any remedy or relief from Defendant, such inference is denied.

WHEREFORE, Defendant denies that Plaintiffs, or any other person on whose behalf Plaintiffs seek to assert a claim, are entitled to any relief whatsoever under the allegations set forth in the Complaint.  Defendant requests that the Court dismiss the claims with prejudice in their entirety and that Defendant be awarded costs, non-taxable expenses, taxable costs, interests on those amounts as provided by law and such further relief that this Court may deem appropriate.

## AFFIRMATIVE AND OTHER DEFENSES

Defendant asserts the following affirmative and other defenses.  In asserting these defenses, Defendant does not assume the burden of proof with respect to any issue as to which applicable law places the burden of proof upon Plaintiffs.  The factual basis for the following defenses is set forth in more detail in the foregoing responses to the allegations in Plaintiffs' Complaint, which are incorporated herein by reference.

### FIRST DEFENSE

Some or all of the allegations in Plaintiffs' Complaint fail to state a claim for which relief can be granted.

### SECOND DEFENSE

Plaintiffs' claims, and those claims of any other person on whose behalf Plaintiffs seek to assert a claim under the FLSA, the MFLSA, or any other state law cause of action, are barred to the extent that Plaintiffs seek damages beyond the applicable limitations periods.

### THIRD DEFENSE

Some or all of Plaintiffs' claims are barred by application of the doctrine of estoppel.

### FOURTH DEFENSE

Even if the allegations contained in Plaintiffs' Complaint are true (which they are not), to the extent that the time for which Plaintiffs allege that they and any other person on whose behalf Plaintiffs seek to assert a claim that they have not been compensated involve only insubstantial or insignificant periods of time, these periods of time are "*de*

*minimis*" and are not compensable under the FLSA or the MFLSA, and do not trigger the beginning or end of compensable time.

## FIFTH DEFENSE

Plaintiffs' claims under the FLSA, the MFLSA, or any other state laws are barred to the extent that Plaintiffs, or any other person on whose behalf Plaintiffs seek to assert a claim, submitted false and inaccurate time records or failed to report time they claim to have worked.  In such situations, Plaintiffs' claims are barred in whole or in part by the by application of the doctrines of waiver, estoppel and unclean hands.

## SIXTH DEFENSE

Even if the allegations contained in Plaintiffs' Complaint are true (which they are not), to the extent the personal protective equipment worn by employees is primarily for the benefit of the employees, the time putting on or taking off such equipment is not compensable under the FLSA or the MFLSA and does not trigger the beginning or end of the workday.

## SEVENTH DEFENSE

Plaintiffs' claims against Defendant are barred because neither Plaintiffs nor any putative class or collective members were employed, or jointly employed, by Defendant BluSky Restoration Contractors, LLC.

## EIGHTH DEFENSE

Plaintiffs' claims under the FLSA, the MFLSA, or any other state law causes of action, are barred by application of the doctrine of payment.  Plaintiffs and all other persons

on whose behalf Plaintiffs seek to assert a claim, have presumably been paid all wages due by their employer.

## NINTH DEFENSE

Plaintiffs' claims are barred to the extent that Plaintiffs seek compensation for activities that are non-compensable under the Portal-to-Portal Act, 29 U.S.C. § 254(a), as preliminary and postliminary activities to Plaintiffs' principal activities which they are employed to perform.

## TENTH DEFENSE

Plaintiffs' claims for compensation are barred to the extent Plaintiffs seek to assert claims for time spent donning and doffing any protective gear or clothing which Plaintiffs are permitted to don and doff at home or otherwise away from the workplace.

## ELEVENTH DEFENSE

Plaintiffs' claims, and those claims of any other person on whose behalf Plaintiffs seek to assert a claim under the FLSA are barred to the extent that Defendant's actions have been taken in good faith, in conformity with, and reliance upon established rulings, administrative regulations and interpretations of the FLSA within the meaning of 29 U.S.C. § 259.

## TWELFTH DEFENSE

A two-year, rather than a three-year statute of limitations applies to Plaintiffs FLSA and MFLSA claims as Plaintiffs cannot satisfy their burden of establishing that Defendant willfully violated either statute.

### THIRTEENTH DEFENSE

Plaintiffs' claims for unpaid work time during bona fide meal periods under the FLSA, MFLSA and any other state law causes of action including Minn. Stat. § 177.254 are precluded by the "predominant benefit" test. Because the production employees are the predominant beneficiaries of the meal periods, even if employees perform some compensable work during an otherwise bona fide meal period, the entire break remains non-compensable.

### FOURTEENTH DEFENSE

Count IV of Plaintiffs' Complaint alleging violation of the Minnesota recordkeeping statute, Minn. Stat. § 177.30, fails to state a claim for damages upon which relief can be granted.

### FIFTEENTH DEFENSE

Plaintiffs' claims, and those claims of any other person on whose behalf Plaintiffs seek to assert a claim under the MFLSA for record keeping violations, fail to state a claim for which relief can be granted. The alleged failure to keep records of off-the-clock work time does not constitute a violation of the Minnesota recordkeeping statute, Minn. Stat. § 177.30.

### SIXTEENTH DEFENSE

The claims of Plaintiffs and the persons on whose behalf Plaintiffs seek to assert a claim under the FLSA or MFLSA for minimum wage are barred in whole or in part to the extent that even if employees worked additional off the clock time, their effective hourly rate did not drop below the applicable minimum wage.

31

## SEVENTEENTH DEFENSE

Plaintiffs' claims for unpaid straight time wages are barred, in whole or in part, because they always were paid in excess of the applicable minimum wage for all hours worked.

## EIGHTEENTH DEFENSE

Plaintiffs, and those on whose behalf Plaintiffs seek to assert claims, lack standing to assert claims for allegedly unpaid wages to the extent they never made a demand for allegedly unpaid wages pursuant to Minn. Stat. §§ 181.101, 181.13, or 181.14.

## NINETEENTH DEFENSE

Plaintiffs, and those on whose behalf Plaintiffs seek to assert claims, are barred from asserting claims for alleged violations related to the method of pay to the extent they requested and consented to the method of pay.

## TWENTIETH DEFENSE

Plaintiffs, and those on whose behalf Plaintiffs seek to assert claims, lack standing to assert claims for alleged violations related to the method of pay to the extent they failed to request transaction history pursuant to Minn. Stat. § 177.255.

## TWENTY-FIRST DEFENSE

Plaintiffs, and those on whose behalf Plaintiffs seek to assert claims, lack standing to assert claims for alleged violations related to the method of pay to the extent they did not pay a fee to access their wage statements.

### TWENTY-SECOND DEFENSE

Plaintiffs, and those on whose behalf Plaintiffs seek to assert claims, lack standing to assert claims for alleged violations related to the method of pay to the extent they did not request to be paid wages by another method pursuant to Minn. Stat. § 177.255.

### TWENTY-THIRD DEFENSE

Plaintiffs, and those on whose behalf Plaintiffs seek to assert claims, are barred from asserting wage statement violations to the extent they failed to request written earning statements or failed to request access to an employer-owned computer to access electronic wage statements.

### TWENTY-FOURTH DEFENSE

Plaintiffs, and those on whose behalf Plaintiffs seek to assert claims, lack standing to assert wage statement violations to the extent they requested and received written earning statements or had access to electronic wage statements.

### TWENTY-FIFTH DEFENSE

Some or all of Plaintiffs' state law claims cannot proceed as a class action under Rule 23 because the claims only exist under Minnesota law for terminated employees.

### TWENTY-SIXTH DEFENSE

Some or all of Plaintiffs' state law claims cannot be certified as a class action under Rule 23 as the determination of liability for each employee would be highly individualized and would predominate over any trial, trial of the case as a class action would not be superior to trials of individual claims, because Plaintiffs cannot establish a common,

unlawful practice applicable to the putative class, and because Defendant did not control the pay practices Plaintiffs claim to violate state laws.

### TWENTY-SEVENTH DEFENSE

Plaintiffs' FLSA claims cannot be certified as a collective action under 29 U.S.C. § 216(b) because the determination of liability for each employee would be highly individualized, because Plaintiffs cannot establish a common, unlawful practice applicable to the putative collective, and because Defendant did not control the pay practices Plaintiffs claim to violate the FLSA.

### TWENTY-EIGHTH DEFENSE

This action is not properly maintained as a class action under Minn. R. Civ. P. 23 or Fed. R. Civ. P. 23 because Plaintiffs cannot establish the required elements to proceed as a class action.

### TWENTY-NINTH DEFENSE

Certification of this action as a class and/or a collective action would constitute a denial of Defendant's due process rights in violation of the United States and/or Minnesota Constitutions.

### THIRTIETH DEFENSE

Plaintiffs' claims may be barred, in whole or in part, because some or all damages Plaintiffs claim to have suffered, which Defendant denies, were caused, aggravated, or contributed to by Plaintiffs' own conduct and/or failure to act.

### THIRTY-FIRST DEFENSE

Plaintiffs' claims against Defendant are barred because any damages Plaintiffs claim to have suffered, which Defendant denies, were not caused by any alleged acts or omissions by Defendant, but instead were caused by the acts or omissions of third parties over which Defendant has no responsibility and does not control, including but not limited to other staffing companies that employ workers on BluSky projects.

### THIRTY-SECOND DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Defendant's actions, policies, practices, and decisions were at all times reasonable and undertaken in good faith and consistent with applicable state and federal law, and Defendant at all times had reasonable grounds to believe their conduct complied with federal and state law, including but not limited to the FLSA, MFLSA, and MPWA.

### THIRTY-THIRD DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Defendant reasonably relied upon the employers of Plaintiffs and the putative class and collective members to comply with applicable state and federal law.

### THIRTY-FOURTH DEFENSE

Plaintiffs' claims against Defendant are barred for failure to join required parties under Rule 19 of the Federal Rules of Civil Procedure.  Plaintiffs failed to join the employers of the workers on BluSky projects.  Due to that failure, the Court cannot accord complete relief among the existing parties.  As a result of Plaintiffs' failure to join required parties under Rule 19, to the extent the Court certifies any collective, Defendant will not

be able to identify the putative collective members, nor can the Court fashion adequate relief to such collective members.

## THIRTY-FOURTH DEFENSE

Plaintiffs' claims for uncompensated work time are barred to the extent Defendant did not have actual or constructive knowledge that any such work was performed, nor did Defendant have any control over whether Plaintiffs or any putative class or collective members, performed such work.

## THIRTY-FIFTH DEFENSE

Plaintiffs' claims are barred to the extent they seek to include any putative collective members outside of Minnesota for lack of personal jurisdiction.

## THIRTY-SIXTH DEFENSE

Because Plaintiffs' Complaint is phrased in conclusory terms, Defendant cannot fully anticipate all defenses which may be applicable to this action. Accordingly, the right to assert additional defenses, to the extent such defenses are applicable, is hereby reserved. In particular, Defendant reserves the right to assert affirmative defenses with respect to other state laws if and to the extent Plaintiffs identify such laws.

WHEREFORE, Defendants respectfully request the Court grant them the following relief:

(a)     Dismiss the Complaint against Defendant BluSky in its entirety with prejudice and on the merits;

(b)     Deny each and every request for damages, equitable relief, and any and all other relief prayed for and otherwise described in the Complaint;

36

(c)     Award Defendant BluSky reasonable costs, disbursements, and attorneys' fees incurred in defending this action; and

(d)     Award Defendant BluSky any other relief the Court deems just and proper.

Dated: November 13, 2020              **JACKSON LEWIS P.C.**

                                      *s/ Elizabeth S. Gerling*
                                      Elizabeth S. Gerling, (MN #0395372)
                                      150 South Fifth Street, Suite 3500
                                      Minneapolis, MN  55402
                                      Phone: (612) 341-8131
                                      Fax: (612) 341-0609
                                      Elizabeth.Gerling@jacksonlewis.com

                                      - and -

                                      Eric R. Magnus (admitted *pro hac vice*)
                                      171 17th Street, NW, Suite 1200
                                      Atlanta, GA 30363
                                      Phone: (404) 586-1820
                                      Fax: (404) 525-1173
                                      Eric.Magnus@jacksonlewis.com

                                      **ATTORNEYS FOR DEFENDANT**
                                      **BLUSKY RESTORATION**
                                      **CONTRACTORS, LLC**

4810-6312-7505, v. 3