UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| MARCQUISE MURPHY and RATANYA ROGERS, individually and on behalf of all others similarly situated, | Case No. 19-cv-1929 (ECW) |
| Plaintiffs, | |
| v. | **ORDER** |
| LABOR SOURCE, LLC d/b/a CATSTAFF d/b/a ONE SOURCE STAFFING AND LABOR, and BLUSKY RESTORATION CONTRACTORS, LLC, | |
| Defendants. | |

This matter is before the Court on Defendant BluSky Restoration Contractors, LLC's ("BluSky") Motion for Certification for Interlocutory Appeal ("Motion"). (Dkt. 91.) The parties have consented to the jurisdiction of this Court pursuant to 28 U.S.C. § 636 and Rule 73 of the Federal Rules of Civil Procedure. (Dkts. 99, 100.) This motion has been decided on the papers with no oral hearing. For the reasons discussed below, the Court denies the Motion.

## I.   FACTUAL AND PROCEDURAL HISTORY

### A.   Initial Complaint and Defendants' First Motion to Dismiss

On July 23, 2019, Plaintiffs Marcquise Murphy ("Murphy") and Ratanya Rogers ("Rogers") (collectively, "Plaintiffs") initiated this putative collective and class action on

behalf of themselves and other similarly situated individuals who have worked for Defendants One Source and BluSky (collectively, "Defendants") as non-exempt manual laborers.  (Dkt. 1 ¶ 1.)  Plaintiffs and the putative class and collective members "challenge[d] Defendants' minimum wage and overtime violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ('FLSA'), as well as the wage, hour, labor, and other applicable laws of the State[] of Minnesota, including the Minnesota Fair Labor Standards Act, Minn. Stat. § 177.21 *et seq.* ('MFLSA') and the Minnesota Payment of Wages Act, Minn. Stat. § 181.01 *et seq.* ('MPWA')."  (*Id.*)

Defendant Labor Source, LLC d/b/a Catstaff d/b/a One Source Staffing and Labor ("One Source" or "Labor Source"), a Kansas limited liability company, is a staffing agency that provides unskilled and semi-skilled workers in the construction, manufacturing, fulfillment, and disaster restoration industries.  (Dkt. 36 ¶ 3.)  One Source's principal place of business is located in Olathe, Kansas.  (Dkt. 1 ¶ 18.)  One Source operates in various states across the country, including Minnesota, Kansas, Illinois, Texas, Colorado, and New York.  (*Id.* ¶ 28.)

Defendant BluSky is a foreign limited liability company that provides manual labor services for restoration and environmental services.  (*Id.* ¶ 29.)  BluSky's principal place of business is located in Centennial, Colorado.  (*Id.* ¶ 19.)  BluSky contracted with One Source to obtain manual laborers for restoration projects at various work sites, including one in Minnesota.  (*Id.* ¶ 29.)

On September 30, 2019, Defendants filed their Partial Motion to Dismiss pursuant to Rules 12(b)(2) and 12(b)(6) of the Federal Rules of Civil Procedure.  (*See* Dkt. 33.)

Defendants moved to dismiss (1) the claims of any putative collective plaintiffs who did not work in Minnesota for lack of personal jurisdiction (general and specific); (2) Plaintiffs' federal collective claims for failure to state a claim (as a whole and, alternatively, as to employees outside Minnesota); (3) Plaintiffs' state and federal minimum wage claims for failure to state a claim; and (4) Plaintiffs' state and federal recordkeeping claims for failure to state a claim. (*See id.*)

With respect to Defendants' motion based on lack of personal jurisdiction, this Court in its Report and Recommendation found in relevant part as follows:

> Under Minnesota's Foreign Corporation Act, "[n]o foreign corporation shall transact business in this state unless it holds a certificate of authority so to do." Minn. Stat. § 303.03. Additionally, a foreign corporation is required to "have a registered office and . . . a registered agent." Minn. Stat. § 303.10. A foreign corporation must set forth that it "**irrevocably consents** to the service of process," Minn. Stat § 303.06(4) (emphasis added), and "shall be subject to service of process . . . by service on its registered agent . . . ," Minn. Stat. § 303.13. Once a foreign corporation has satisfied all requirements, the Minnesota Secretary of State will issue a certificate of authority to transact business in Minnesota. *See id.* § 303.08. With a certificate of authority, "the corporation shall possess . . . the same rights and privileges that a domestic corporation would possess if organized for the purposes set forth in the articles of incorporation of such foreign corporation pursuant to which its certificate of authority is issued, and shall be subject to the laws of [Minnesota]." *Id.* § 303.09.
>
> When faced with determining whether a foreign corporation irrevocably consents to service of process and to personal jurisdiction by registering as an agent in Minnesota, the Minnesota Supreme Court held that:
>
>> It is the legislature's province to assess the burden on the state's business climate of the assertion of jurisdiction by Minnesota courts. For our part, we find no constitutional defect in the assertion of jurisdiction based on consent to service of process . . . . We consider the consent of the defendant to service of process, exacted as a condition of doing business in Minnesota, to be one of the time-honored bases of

3

> personal jurisdiction and not constitutionally suspect.

*Rykoff-Sexton, Inc. v. Am. Appraisal Assocs., Inc.*, 469 N.W.2d 88, 90-91 (Minn. 1991) (internal quotations and citations omitted).

Along the same lines, the Eighth Circuit has recognized that "[o]ne of the most solidly established ways of giving such consent [to the exercise of jurisdiction] is to designate an agent for service of process within the State." *Knowlton v. Allied Van Lines*, 900 F.2d 1196, 1199 (8th Cir. 1990). In *Knowlton*, the Eighth Circuit found, consistent with the Minnesota Supreme Court's interpretation of the relevant statutes, that a foreign corporation had consented to the exercise of jurisdiction by the District of Minnesota by designating an agent for service of process in Minnesota. 900 F.2d at 1199-200. The plaintiff was a Minnesota resident and was driving through Iowa when her car collided with a van operated by an agent of the corporate defendant. *Id.* at 1197. Although the corporate defendant was incorporated in Delaware and headquartered in Illinois, it did business in Minnesota and had appointed a registered agent in Minnesota to receive process pursuant to Minn. Stat. § 303.10. *Id.* at 1197-98. The Eighth Circuit "conclude[d] that appointment of an agent for service of process under § 303.10 gives consent to the jurisdiction of Minnesota courts for **any** cause of action, whether or not arising out of activities within the state." *Id.* at 1200 (emphasis added). Indeed, consent under Minn. Stat. § 303.10 "is a valid basis of personal jurisdiction, and resort to minimum-contacts or due process analysis to justify the jurisdiction [wa]s unnecessary." *Id.* The court recognized that while some statutes are limited to in-state activities, Minnesota's law does not provide such limitation. *Id.* The court explained that "[t]he whole purpose of requiring designation of an agent for service is to make a nonresident suable in the local courts." *Id.* at 1199.

The Court recognizes that the decisions in *Rykoff-Sexton* and *Knowlton* precede the Supreme Court's decisions in *Goodyear* and *Daimler*. The question of whether a foreign entity's designation of an agent for service of process under Minnesota's Foreign Corporation Act constitutes consent to the exercise of jurisdiction by Minnesota courts in view of *Daimler* and *Goodyear* has been considered three times by courts in the District of Minnesota. *See Am. Dairy Queen Corp. v. W.B. Mason Co., Inc.*, No. 18-cv-693 (SRN/ECW), 2019 WL 135699 (D. Minn. Jan. 8, 2019); *Ritchie Capital Mgmt., Ltd. v. Costco Wholesale Corp.*, No. 17-cv-1664 (DWF/FLN), 2017 WL 4990520 (D. Minn. Oct. 30, 2017); *Ally Bank v. Lenox Fin. Mortg. Corp.*, No. 16-cv-2387 (DSD/DTS), 2017 WL 830391 (D. Minn. Mar. 2, 2017). In all three instances, the court concluded that *Knowlton* remains controlling authority. *See, e.g.*, *Am. Dairy Queen*, 2019 WL 135699, at *6

("The Court finds that, although persuasive arguments can be made that the holding of *Knowlton* is not reconcilable with the narrowing of the boundaries of due process that govern an analysis of minimum contacts and general personal jurisdiction under *Goodyear* and *Daimler*, this Court nonetheless remains bound by *Knowlton* which is controlling in this case. The Supreme Court in *Goodyear* and *Daimler* did not consider 'the limits of a defendant's capacity to consent to general personal jurisdiction.' It is for the Supreme Court to address consent by registration statutes in light of its new jurisprudence on general personal jurisdiction and/or for the Eighth Circuit to reconsider *Knowlton* in light of this changing view of the law.") (quoting *Ally Bank*, 2017 WL 830391, at *3); *Ritchie Capital Mgmt.*, 2017 WL 4990520 at *2 n.2 ("Costco does not dispute that Eighth Circuit precedent dictates this result. Instead, Costco contends that recent Supreme Court precedent overrules *Knowlton*. Costco cites *BNSF Ry. Co. v. Tyrrell*, but the Supreme Court in *BNSF* explicitly declined to consider whether BNSF consented to jurisdiction by operating in the state because that issue was not argued to the lower court. Thus, *BNSF* does not overrule *Knowlton*."); *Ally Bank*, 2017 WL 830391, at *3 ("Lenox next argues that *Knowlton* should be limited in light of *Daimler AG v. Bauman*, 134. S. Ct. 746 (2014). . . . *Daimler*, however, is inapplicable here. The *Daimler* court addressed the limits of general jurisdiction over a foreign corporation, not the limits of a defendant's capacity to consent to personal jurisdiction. Therefore, the court remains bound by *Knowlton*.") (citation omitted).

As explained in *American Dairy Queen*:

> As *Knowlton* makes clear, consent is an independent basis for jurisdiction, wholly separate from the due process considerations that govern an analysis of minimum contacts. **A company that could not otherwise be subject to the general personal jurisdiction of this Court, because it lacks systematic and continuous contacts and cannot be said to be "at home" in this forum, may nonetheless consent to jurisdiction in the forum**. *Knowlton* has been good law since 1991, alerting any foreign corporation who registers under Minn. Stat. § 303, that by doing so, they are consenting to general personal jurisdiction in the forum.

2019 WL 135699, at *6 [].

The Court finds the opinions in *American Dairy Queen*, *Ally Bank*, and *Ritchie Capital Management* to be well-reasoned. While "persuasive arguments can be made that the holding of *Knowlton* is not reconcilable with

5

> the narrowing of the boundaries of due process that govern an analysis of minimum contacts and general personal jurisdiction under *Goodyear* and *Daimler*, this Court nonetheless remains bound by *Knowlton* which is controlling in this case." *Id.* The Court therefore applies *Knowlton* to the question of whether BluSky's registration with the Minnesota Secretary of State and appointment of an agent for service of process constituted consent to the exercise of jurisdiction by Minnesota courts.
>
> * * *
>
> Here, the record establishes that BluSky registered with the Minnesota Secretary of State and appointed an agent for service of process. (Dkt. 1 at 5-6; Dkt. 42 ¶ 4; Dkt. 42-1, Exs. 1-2.) On February 8, 2017, BluSky filed a Certificate of Authority to Transact Business in Minnesota pursuant to Minnesota Statute, Chapter 322C. (Dkt. 42-1 at 2.) It also appears BluSky was personally served with process on its registered agent in Edina, Minnesota. (Dkt. 27.) Defendants contend that "[t]here is no binding precedent in the Eighth Circuit or Minnesota since *Daimler* and *Goodyear* on whether registering to do business or registering an agent for service constitutes consent for personal jurisdiction. (Dkt. 45 at 7.) As explained above, the Court finds that *Knowlton* remains controlling authority on this Court. Thus, the Court finds that BluSky consented to the exercise of jurisdiction by this Court by registering with the Minnesota Secretary of State and by appointing an agent for service of process. The Court therefore recommends denial of the Partial Motion to Dismiss to the extent it seeks dismissal of the claims of any putative FLSA collective plaintiffs against BluSky who did not work in Minnesota based on lack of personal jurisdiction.

(Dkt. 56 at 18-24 (footnotes omitted) (emphases in original).)

With respect to One Source, the Court recommended granting the Partial Motion to Dismiss to the extent it sought dismissal of the claims of any putative FLSA collective plaintiffs against One Source who did not work in Minnesota based on lack of personal jurisdiction. (*Id.* at 24-38.) As to One Source, Plaintiffs conceded that One Source has not appointed an agent for receipt of process within Minnesota. (Dkt. 56 at 23 n.4 (citing Dkt. 41 at 11).)

6

On April 16, 2020, United States District Judge Michael J. Davis adopted the Report and Recommendation with respect to the finding that personal jurisdiction exists as to the claims of any of the putative FLSA collective plaintiffs against BluSky who did not work in Minnesota. (Dkt. 61.)

**B.     Amended Complaint**

As part of Plaintiffs' operative May 7, 2020 Amended Complaint (Dkt. 67), the following claims are asserted:

- First Cause of Action: Count I: Fair Labor Standards Act ("FLSA") – Overtime Violations (on behalf of the Collective Members);

- First Cause of Action: Count II: FLSA – Minimum Wage Violations (on behalf of the Collective Members)[1];

---

[1]     Under the Amended Complaint, "Collective" is defined as follows:

**National Collective:**

All current and former hourly, non-exempt employees including, but not limited to, laborers, non-exempt team leads, non-commercial drivers, technicians, carpenters, apprentices, cleaning crew, plumbers, welders, and other laborers with similar job duties employed by Defendant BluSky throughout the United States, within the Relevant Time Period.

**Minnesota Collective:**

All current and former hourly, non-exempt employees, including but not limited to, laborers, non-exempt team leads, non-commercial drivers, technicians, carpenters, apprentices, cleaning crew, plumbers, welders, and other laborers with similar job duties who were employed by Defendant One Source either individually or jointly with Defendant BluSky and who worked on any BluSky projects in the State of Minnesota at any time during the Relevant Time Period.

7

- Second Cause of Action: Count I; Minnesota Fair Labor Standards Act ("MFLSA") – Minimum Wage Violations (on behalf of the Minnesota Class);

- Second Cause of Action: Count II: MFLSA – Overtime Violation (On Behalf of the Minnesota Class);

- Second Cause of Action: Count III: MFLSA – Expense Reimbursement (On Behalf of the Minnesota Class);

- Second Cause of Action: Count IV: MFLSA – Payroll Card Account Violation (On Behalf of the Minnesota Class);

- Second Cause of Action: Count V: MFLSA – Failure to Keep Accurate Records (On Behalf of the Minnesota Class);

- Third Cause of Action: Failure to Pay for All Hours Worked Under Minnesota Law (On Behalf of the Minnesota Class);

- Fourth Cause of Action: Count I: Minnesota Payment of Wages Act ("MPWA") – Failure to Pay Wages Promptly (On Behalf of the Minnesota Class); and

- Fourth Cause of Action: Count II: MPWA – Wage Statement Violation (On Behalf of the Minnesota Class).

(Dkt. 67 ¶¶ 87-191.)

With respect to the Court's previous rulings regarding personal jurisdiction, the claims under the First Cause of Action pertaining to the FLSA (Counts I and II) relating to non-exempt manual laborers working outside of Minnesota would only proceed as to

---

(Dkt. 67 ¶ 62 (emphasis in original).)

BluSky and not One Source. Otherwise, the remaining Causes of Action and Counts in the Amended Complaint would proceed, for the purposes of personal jurisdiction, as to both BluSky and One Source.

On June 4, 2020, BluSky again moved pursuant to Rule 12(b)(6) to partially dismiss the Amended Complaint. (Dkt. 68.) BluSky's motion to dismiss only addressed the First Cause of Action, comprised of the two amended FLSA counts. It sought dismissal with prejudice of Plaintiffs' collective claims in those counts as to employees outside of Minnesota. In the alternative, BluSky asked the Court to dismiss all claims against BluSky outside of the Minnesota and Missouri projects or all claims against BluSky outside of joint ventures with One Source. (Dkt. 78 at 7.) The motion did not address personal jurisdiction with respect to the Court's previous decision as to *Knowlton*, except for the purposes of preserving BluSky's rights for appeal. (Dkt. 71 at 2 n.2.)

On October 14, 2020, Judge Davis denied the motion to partially dismiss the Amended Complaint. (Dkt. 78.)

The present Motion was filed on November 13, 2020, with briefing concluding on January 14, 2021. (Dkts. 91, 93, 103, 109.) BluSky moves this Court to certify the following issue for interlocutory appeal to the Eighth Circuit Court of Appeals:

> Whether, in light of intervening Supreme Court precedent, registering to do business in Minnesota is sufficient to subject a foreign corporation to general jurisdiction in Minnesota as set forth in *Knowlton v. Allied Van Lines, Inc.*[,] 900 F.2d 1196 (8th Cir. 1990)?

(Dkt. 93 at 1)

9

## II.     LEGAL STANDARD

The purpose of 28 U.S.C. § 1292(b) is "to provide interlocutory appeal in exceptional cases in order to avoid protracted and expensive litigation." *Paschall v. Kansas City Star Co.*, 605 F.2d 403, 406 (8th Cir. 1979) (citation omitted); *White v. Nix*, 43 F.3d 374, 376 (8th Cir. 1994). Section 1292(b) provides in relevant part:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

28 U.S.C. § 1292(b).

"'Section 1292(b) establishes three criteria for certification: the district court must be of the opinion that (1) the order involves a controlling question of law; (2) there is substantial ground for difference of opinion; and (3) certification will materially advance the ultimate termination of the litigation.'" *Union Cty., Iowa v. Piper Jaffray & Co.*, 525 F.3d 643, 646 (8th Cir. 2008) (quoting *White*, 43 F.3d at 377) (internal quotations omitted). The requirements of § 1292(b) are jurisdictional. *See White*, 43 F.3d at 376 (citation omitted).

"Permission to allow interlocutory appeals" pursuant to certification under § 1292(b) "should be granted sparingly and with discrimination." *Union Cty., Iowa*, 525 F.3d at 646 (marks and citation omitted). "[T]he movant **bears the heavy burden** of demonstrating that the case is an exceptional one in which immediate appeal is warranted." *See White*, 43 F.3d at 376 (emphasis added) (citation omitted). Indeed,

10

§ 1292(b) "'should and will be used only in exceptional cases where a decision on appeal may avoid protracted and expensive litigation, as in antitrust and similar protracted cases.'" *Id.* (quoting S. Rep. No. 2434, 85th Cong., 2d Sess. (1958), reprinted in 1958 U.S.C.C.A.N. 5255, 5260). Further, it has "long been the policy of the courts to discourage piece-meal appeals because most often such appeals result in additional burdens on both the court and the litigants." *Id.* (quoting *Control Data Corp. v. Int'l Bus. Machs. Corp.*, 421 F.2d 323, 325 (8th Cir. 1970)). "Even if the requirements are satisfied, [the Eighth Circuit] may deny appeal for any reason." *Lloyd's Acceptance Corp. v. Affiliated FM Ins. Co.*, 557 Fed. App'x 618, 619 (8th Cir. 2014) (unpublished) (citing *Union Cty., Iowa*, 525 F.3d at 646).

Given this standard, the Court proceeds to analyzing the merits of BluSky's Motion.

### III.  ANALYSIS

#### A.  Controlling Question of Law

A question of law is "controlling" if "reversal of the district court's order would terminate the action," or "if its resolution is quite likely to affect the further course of the litigation, even if it not certain to do so." *Nat'l Union Fire Ins. Co. of Pittsburgh v. Donaldson Co., Inc.*, No. 10-4948 (JRT/TNL), 2015 WL 4898662, at *2 (D. Minn. Aug. 17, 2015) (cleaned up); *see also Pederson v. Trump*, No. CV 19-2735 (JRT/HB), 2020 WL 4288316, at *2 (D. Minn. July 26, 2020) (same) (citation omitted). A controlling legal question "of the type referred to in § 1292(b) contrasts with a matter for the discretion of the trial court." *White*, 43 F.3d at 377 (marks and citation omitted).

With respect to the present Motion, the Eighth Circuit has concluded that "[b]efore a district court can reach the merits of a dispute and enter legally binding orders, it must determine as a threshold matter whether it possesses personal jurisdiction over the defendants. '[T]he question of jurisdiction is always vital.'" *Falkirk Min. Co. v. Japan Steel Works, Ltd.*, 906 F.2d 369, 372 (8th Cir. 1990) (quoting *Land-O-Nod Co. v. Bassett Furniture Indus., Inc.*, 708 F.2d 1338, 1340 (8th Cir. 1983), quoting *Eighth Reg'l War Labor Bd. v. Humble Oil & Refining Co.*, 145 F.2d 462, 464 (5th Cir. 1944), *cert. denied*, 325 U.S. 883 (1945)).

Given that this Court cannot address the merits of the FLSA claims brought by Plaintiffs who worked outside of Minnesota without adequate personal jurisdiction over BluSky, the issue of whether the requirements of Minnesota's Foreign Corporation Act as set forth in *Knowlton*, in light of more recent Supreme Court decisions in *Goodyear* and *Daimler*, can convey such jurisdiction is a controlling question of law. *See generally*, *ASI, Inc. v. Aquawood, LLC, et al.*, No. CV 19-763 (JRT/HB), 2021 WL 396818, at *2 (D. Minn. Feb. 4, 2021) (citing *Radaszewski ex rel. Radaszewski v. Telecom Corp.*, 981 F.2d 305, 307 (8th Cir. 1992) (granting leave to appeal after a district court certified its dismissal of an action for lack of personal jurisdiction)) ("With respect to the first statutory requirement, personal jurisdiction issues are non-discretionary and thus present controlling questions of law.").

**B.   Substantial Ground for Difference of Opinion**

With respect to whether a ground for difference of opinion is substantial, the Eighth Circuit has held that the "[i]dentification of 'a sufficient number of conflicting and

12

contradictory opinions'" can be sufficient to meet this element. *White*, 43 F.3d at 378. "[A] dearth of cases does not constitute substantial ground for difference of opinion." *Union Cty., Iowa*, 525 F.3d at 647 (cleaned up). This element can be met where a difference of opinion exists between the district courts of the controlling circuit.[2] *See In re Polaris Mktg., Sales Practices, & Prod. Liab. Litig.*, No. 18-CV-0939 (WMW/DTS), 2020 WL 3530624, at *5 (D. Minn. June 30, 2020) (citing *Graham v. Hubbs Mach. & Mfg., Inc.*, 49 F. Supp. 3d 600, 612 (E.D. Mo. 2014)).

District courts in the Eighth Circuit have arrived at differing conclusions concerning whether *Knowlton* remains good law post-*Daimler*. For example, at least three courts in this District have examined the question of whether a foreign entity's designation of an agent for service of process under Minnesota's Foreign Corporation Act constitutes consent to the exercise of jurisdiction by Minnesota courts in view of *Daimler* and *Goodyear* and have concluded that *Knowlton* remains controlling authority, especially given that the Supreme Court has not addressed the limits of a defendant's capacity to consent to general personal jurisdiction. *See, e.g.*, *Am. Dairy Queen*, 2019 WL 135699, at *6 ("The Court finds that, although persuasive arguments can be made that the holding of *Knowlton* is not reconcilable with the narrowing of the boundaries of due process that govern an analysis of minimum contacts and general personal jurisdiction under *Goodyear* and *Daimler*, this Court nonetheless remains bound by

---

[2] The Court notes that it is unclear as to whether a circuit split is sufficient to meet the second prong under § 1292(b). *Compare In re Polaris Mktg.*, 2020 WL 3530624, at *5, *with Pederson*, 2020 WL 4288316, at *2.

*Knowlton* which is controlling in this case.  The Supreme Court in *Goodyear* and *Daimler* did not consider 'the limits of a defendant's capacity to consent to general personal jurisdiction.'  It is for the Supreme Court to address consent by registration statutes in light of its new jurisprudence on general personal jurisdiction and/or for the Eighth Circuit to reconsider *Knowlton* in light of this changing view of the law."); *Ritchie Capital Mgmt.*, 2017 WL 4990520 at *2 n.2 ("Costco does not dispute that Eighth Circuit precedent dictates this result.  Instead, Costco contends that recent Supreme Court precedent overrules *Knowlton*.  Costco cites *BNSF Ry. Co. v. Tyrrell*, but the Supreme Court in *BNSF* explicitly declined to consider whether BNSF consented to jurisdiction by operating in the state because that issue was not argued to the lower court.  Thus, *BNSF* does not overrule *Knowlton*."); *Ally Bank*, 2017 WL 830391, at *3 (citing *Perrigo Co. v. Merial Ltd.*, No. 8:14-403, 2015 WL 1538088, at *7 (D. Neb. Apr. 7, 2015)) ("Lenox next argues that *Knowlton* should be limited in light of *Daimler AG v. Bauman*, 134. S. Ct. 746 (2014). . . .  *Daimler*, however, is inapplicable here.  The *Daimler* court addressed the limits of general jurisdiction over a foreign corporation, not the limits of a defendant's capacity to consent to personal jurisdiction.  Therefore, the court remains bound by *Knowlton*.").

Other courts within this District have found that although *Knowlton* may be inconsistent with the Supreme Court's ruling in *Daimler* and *Goodyear*, they were still bound by *Knowlton*.  See, e.g., *GreenState Credit Union v. Hy-Vee, Inc.*, No. CV 20-621(DSD/DTS), 2020 WL 6586230, at *5 (D. Minn. Nov. 10, 2020) ("While defendant makes a compelling argument that *Knowlton* is inconsistent with the Supreme Court's

recent general jurisdiction decisions, the court agrees with other courts in this district that it is still bound by *Knowlton*."); *In re Mun. Stormwater Pond*, 429 F. Supp. 3d 647, 654 (D. Minn. 2019) ("While the Court is bound by *Knowlton*, the Court recognizes *Knowlton* may not comport with *Goodyear* and *Daimler*."). Moreover, several Western District of Missouri and Eastern District of Missouri courts within the Eighth Circuit have concluded that they are no longer bound by *Knowlton*. *See, e.g.*, *Alvarracin v. Volume Servs.*, Inc., No. 16-06115-CV-SJ-SWH, 2017 WL 1842701, at *2 (W.D. Mo. May 4, 2017) (finding that "*Knowlton*'s holding . . . has been called into question in light of *Daimler*" and agreeing "with the findings of those courts who have determined that *Knowlton's* holding cannot survive in light of the holding in *Daimler*"); *Beard v. SmithKline Beecham Corp.*, No. 4:15-CV-1833-RLW, 2016 WL 1746113, at *2 (E.D. Mo. May 3, 2016) (agreeing "with more recent judicial precedent from the United States Supreme Court and this district that have determined that more substantial contacts" than appointing a registered agent in the forum state "are required to haul a litigant into the court's forum").

Given that a substantial difference of opinion exists between the district courts of the Eighth Circuit as to whether *Knowlton* is still good law post-*Daimler*, the Court finds that the second element of § 1292(b) has been met.

### C. Whether Certification Will Materially Advance the Ultimate Termination of the Litigation

As stated previously, certification for interlocutory appeal is permitted only when an immediate appeal will "materially advance the ultimate termination of the litigation."

15

*White*, 43 F.3d at 378 (marks omitted).  BluSky argues that if litigation proceeds as it currently stands, Plaintiffs will move this Court for conditional certification of a national collective under the FLSA, potentially subjecting BluSky to general jurisdiction for nationwide claims, rather than potentially limiting the collective to Defendants' limited projects in Minnesota.  (Dkt. 93 at 11.)  According to BluSky, it is more efficient for this Court to certify BluSky's motion rather than potentially allow Plaintiffs to argue for the existence of the putative nationwide collective, which would require the parties to begin an expensive nationwide discovery process and protracted litigation.  (*Id.* at 11-12.)  In sum, BluSky contends that the putative nationwide collective claims are the central discovery and class certification dispute in this case and limiting the collective inherently would streamline the litigation.  (Dkt. 109 at 10-15.)

Here, interlocutory review of the issue of personal jurisdiction will not materially advance the termination of this litigation because, regardless of the outcome, this litigation will progress as to the Minnesota Class for both BluSky and One Source.  *See In re Polaris Mktg.*, 2020 WL 3530624, at *5.  Indeed, what BluSky seeks is an inevitable piecemeal appeals process, which is disfavored by the Eighth Circuit.  *See White*, 43 F.3d at 376 ("It long been the policy of the courts to discourage piece-meal appeals because most often such appeals result in additional burdens on both the court and the litigants.").  While the Court recognizes that BluSky may be subject to discovery on a claim that is ultimately dismissed on jurisdictional grounds, and a separate case and trial on the nationwide claims, "that is simply one of the costs of the final-judgment rule, costs which have already been weighed by Congress.  The converse, of course, is that

16

permitting appeals before final judgment causes delay, expense, and duplication of appellate process, especially in view of the fact that, statistically speaking, most appeals result in affirmances." *Bullock v. Baptist Memorial Hosp.*, 817 F.2d 58, 60 (8th Cir. 1987) (appeal initiated by the plaintiff where district court granted motions to dismiss of three out-of-state defendants based on a lack of jurisdiction, but the action remained pending as two other defendants); *see also Huggins v. FedEx Ground Package Sys., Inc.*, 566 F.3d 771, 775 (8th Cir. 2009).

Moreover, it appears unlikely that certification will materially advance the ultimate termination of the present litigation with respect to the nationwide class as to BluSky in view of the Eighth Circuit's recent decision in *GreenState Credit Union v. Hy-Vee, Inc.*, No. 20-8014 (8th Cir. Dec. 4. 2020). In that case, the Eighth Circuit denied a petition for permission to appeal pursuant to 28 U.S.C. § 1292(b) where a district court had certified the issue of whether *Knowlton* comports with the Supreme Court's narrowing of general jurisdiction. (Dkt. 116 at 6.) The underlying action in *GreenState Credit Union* involved a class action dispute arising from defendant Hy-Vee, Inc.'s alleged negligence and violation of the Minnesota Plastic Card Security Act regarding its handling of a data breach that exposed sensitive payment card data. *See GreenState Credit Union*, 2020 WL 6586230, at *1. The plaintiff was a credit union with its principal place of business in North Liberty, Iowa, serving over 210,000 members at its twenty-six branch locations, all of which are located in Iowa, but with Minnesota members. *Id.* Hy-Vee is an Iowa corporation with its principal place of business in West Des Moines, Iowa and operates 264 stores in 8 states, with 38 of those stores being in

17

Minnesota. *Id.* at *2. Hy-Vee was registered to do business in Minnesota. *Id.* Hy-Vee moved to dismiss the plaintiff's complaint for lack of personal jurisdiction, arguing that the court lacked general jurisdiction over it because it is not "at home" in Minnesota under *Daimler*, and that the court lacked specific jurisdiction over it because all of the relevant events took place in Iowa. *Id.* The plaintiff argued in part that the Court had general jurisdiction over Hy-Vee under *Knowlton*. Ultimately, the district court found that "[w]hile defendant makes a compelling argument that *Knowlton* is inconsistent with the Supreme Court's recent general jurisdiction decisions, the court agrees with other courts in this district that it is still bound by *Knowlton*." *Id.* at *5. That said, the district court certified the issue of whether *Knowlton* still controls for the purposes of an interlocutory appeal, finding that the third prong of the analysis under § 1292(b) had been met:

> Although the same may be true here, the court determines that the third prong of § 1292(b) is still met because "a decision on appeal may avoid protracted an expensive litigation." *Schwendimann v. Arkwright Advanced Coating, Inc.*, No. 11-cv-820, 2012 WL 5389674, at *5 (D. Minn. Nov. 2, 2012). Unlike in *American Dairy Queen*, which involved a single plaintiff and defendant, here plaintiff seeks to represent a class of hundreds of similarly situated financial institutions. Compl. ¶ 56. Any delay in this case caused by what could be a long interlocutory appeals process is outweighed by the fact that a "significant amount of time, funds, and effort will necessarily be expended by the parties and the court if this matter proceeds to resolution of the substantive merits of plaintiff's complaint." *Max Daetwyler Corp.*, 575 F. Supp. At 282. Because an interlocutory appeal would materially advance the ultimate resolution of this case in this forum, the third prong of § 1292(b) is met. Accordingly, the court would allow for an interlocutory appeal in the event either party wishes to seek one.

*Id.* at *6.

However, the Eighth Circuit declined the § 1292(b) petition. *See GreenState Credit Union*, No. 20-8014 (8th Cir. Dec. 4. 2020). If the Eighth Circuit refused to certify this issue as part of a class action suit where the entire case would have been dismissed if there was no general jurisdiction (assuming there was no specific personal jurisdiction), then this Court cannot discern why the Eighth Circuit would choose to address the same issue as part of a collective FLSA action where the case will continue to proceed regardless of how the Eighth Circuit ruled on whether *Knowlton* is still good law.

In sum, BluSky has failed to meet its heavy burden with respect to the third prong under § 1292(b). Therefore, the Court denies the motion for certification for interlocutory appeal.

## IV.   ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS ORDERED** that: Defendant BluSky Restoration Contractors, LLC's ("BluSky") Motion for Certification for Interlocutory Appeal (Dkt. 91) is **DENIED**.


DATED: February 12, 2021                     *s/Elizabeth Cowan Wright*
                                             ELIZABETH COWAN WRIGHT
                                             United States Magistrate Judge