# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| MARCQUISE MURPHY, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>LABOR SOURCE, LLC d/b/a CATSTAFF d/b/a ONE SOURCE STAFFING AND LABOR, and BLUSKY RESTORATION CONTRACTORS, LLC,<br><br>Defendants. | Court File No. 19-cv-01929-ECW<br><br><br>**ORDER** |

The Motion for Final Approval of Class and Collective Action Settlement (Dkt. 280) and Motion for Attorneys' Fees, Costs, and Plaintiff's Service Award (Dkt. 289) filed by Plaintiff Marcquise Murphy came for hearing on July 25, 2023 in the above-captioned court. Defendants Labor Source, LLC d/b/a Catstaff d/b/a One Source Staffing and Labor ("Labor Source") and BluSky Restoration Contractors, LLC ("BluSky") (collectively, "Defendants") do not oppose the Motions. The parties consented to this Court's jurisdiction in accordance with 28 U.S.C. § 636(c) and Rule 73 of the Federal Civil Rules of Civil Procedure. (Dkts. 99, 100.)

At the July 25, 2023 hearing, the Court inquired whether the notice requirements of the Class Action Fairness Act, 28 U.S.C. §§ 1715 *et seq.* ("CAFA") had been

completed. After the hearing, Defendants' counsel stated in an email to the Court and Plaintiffs' counsel that the CAFA notices had not been previously sent.

On August 1, 2023, the Court issued an Order requiring Defendants to demonstrate compliance with the notice requirements of CAFA and stating that following the expiration of the 90-day CAFA notice period, Defendants were to notify the Court and Plaintiffs, via filing on CM/ECF, of any responses from the appropriate officials. (Dkt. 298.)

On August 8, 2023, Defendants' counsel notified the Court that the CAFA notices had been sent to the appropriate governmental officials on July 25, 2025. (Dkt. 299.)

On October 24, 2023, Defendants filed a notice with the Court confirming no governmental response to the CAFA notice. (Dkt. 300.)

The Motions are now ripe for review.

Having reviewed the parties' filings and their arguments at the preliminary and final approval hearings; the settlement agreements and exhibits; and based on all other filings, records, and pleadings in this matter; **IT IS ORDERED** that Plaintiff's unopposed Motion for Final Approval of Class and Collective Action Settlement (Dkt. 280) and unopposed Motion for Attorneys' Fees, Costs, and Plaintiff's Service Award (Dkt. 289) are **GRANTED** as follows:

1. For the purposes of settlement only, the Court makes final the Minnesota Collective, pursuant to 29 U.S.C. § 216(b) of the Fair Labor Standards Act ("FLSA"), as set forth in its February 8, 2022 Order (Dkt. 224), consisting of the following:

> All current and former hourly, non-exempt employees, including but not limited to, laborers, non-exempt team leads/crew leaders, non-commercial drivers, technicians, carpenters, apprentices, cleaning crew, plumbers, welders, and other laborers with similar job duties employed by Defendant Labor Source, LLC either individually or jointly with Defendant BluSky Restoration Contractors, LLC and who worked on any BluSky projects in the State of Minnesota at any time from July 23, 2016 through the present.

2. Notice was sent to 391 potential collective members (not including the original Named Plaintiff and Opt-In Plaintiffs) and 62 collective members filed valid Opt-In Consent Forms. (Dkt. 295 ¶ 23.)

3. For the reasons stated in the preliminary approval Order (Dkt. 274), pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, the Court makes final for the purposes of settlement the certification of the Minnesota Payment of Wages Act ("MPWA"), Minn. Stat. § 181.101, claims against Defendants as a class action on behalf of the settlement group:

> All current or former hourly, non-exempt employees, including but not limited to, laborers, non-exempt team leads/crew leaders, non-commercial drivers, technicians, carpenters, apprentices, cleaning crew, plumbers, welders, and other laborers with similar job duties employed by Labor Source in the State of Minnesota and who worked on any BluSky project in Minnesota between July 23, 2016 and the date of the Settlement Agreement.

4. The parties do not dispute, and the Court concludes that there are approximately 400 Class members ("Eligible Settlement Class Members").

5. When the Court preliminarily approved the settlement, it approved the form and manner of sending the settlement notices to the Eligible Settlement Class Members. The Court finds that the parties administered the distribution of the settlement notices in

the form and manner previously approved by the Court, and that the notice provided constitutes due and sufficient notice to all persons entitled to receive notice.

6. The Court finds that a full and fair opportunity has been afforded to the Eligible Settlement Class Members to participate in the proceedings convened to determine whether the settlement should be given final approval. None of the Eligible Settlement Members objected to the settlement and none desired to be excluded.

7. Defendants agreed to pay a partially non-reversionary Gross Settlement Amount of $1,150,000.00 to settle this case. The net settlement after deductions is $368.000.00. The Court affirms its findings from the preliminary approval Order that the settlement reached is fair, reasonable, and adequate. Fed. R. Civ. P. 23(e)(2); *see also Netzel v. W. Shore Grp., Inc.*, 2017 WL 1906955, at *2 (D. Minn. May 5, 2017) (considering an FLSA settlement).

8. Class Counsel seeks an attorneys' fee award of $725,000 and Defendants do not oppose this request. Despite the lack of opposition, the Court has considered the request through the lens of the percentage-of-recovery and lodestar approaches. *See Netzel*, 2017 WL 1906955, at *8. Given the contentious nature of the litigation, the Court finds the attorneys' fee requested to be fair and reasonable in light of the results obtained for the Eligible Settlement Class Members by Class Counsel and the time spent by counsel. Class Counsel's experience in litigating wage and hour class and collective actions, and informed opinions of the fairness of the settlement provide further weight in support of approval.

9. The Court finds payment of Settlement Administration Costs in the amount of $42,000 to Settlement Services, Inc., as the Settlement Administrator, to be reasonable. (*See* Dkt. 283.)

10. The Court also approves of the requested class representative service award of $15,000 for Plaintiff Marcquise Murphy as fair and reasonable for his effort and assistance with this case. (*See* Dkt. 296.) In addition, the Court approves providing the Opt-In Plaintiffs Ratanya Rodgers (her Estate), Cynthia Hodo, DeAntwone Norris, Devin Pettis, Laquon Blackmon, and Ledon Brown greater shares of the Net Settlement Amount in exchange for their general release of claims as set forth in more detail within the Settlement Agreement.

11. The Court approves in full the Settlement Agreement at Docket Entry 269-1. The Parties shall comply with and implement the Settlement Agreement according to its terms.

12. Consistent with the Settlement Agreement, the Court approves the following timeline for the resolution of this matter:

    (a) Defendants shall pay the Gross Settlement Amount into the Settlement Administrator's Qualified Settlement Fund ("QSF") within ten business days after the entry of this Order.

    (b) Within ten business days after receipt of the final Settlement Award calculations from Defendants, the settlement Administrator shall calculate the employer share of taxes and provide Defendants with the total employer tax contributions due.

    (c) Within ten business days after Defendants fund the QSF, the Settlement Administrator shall make payments from the QSF for Plaintiff's Service Award, Class Counsel's fee and costs award,

    (d)  Settlement Administrator Costs, and Settlement Awards to Eligible Class Members.

    (d)  The Settlement Administrator shall include the following release language on the back of each Settlement Award check for Settlement Class Members: "This check is your settlement payment in connection with the court-approved class action Settlement in *Murphy, et al. v. Labor Source, LLC, et al.*, Case No: 19-cv-01929 (D. Minn.). By the court having approved a Settlement, you have released Defendants and other Releasees of all Minnesota state law claims as defined in the Settlement Agreement. By signing or cashing your check you also release claims under the Fair Labor Standards Act."

    (e)  The Settlement Administrator shall send a reminder postcard to all Settlement Class Members who have not cashed their checks 90 days after Settlement Award checks have been mailed.

    (f)  Settlement Checks must be cashed within 180 days of their issuance.

  13. After the passage of 180 days after the issuance of Settlement Award checks to Settlement Class Members, any uncashed amounts of the FLSA payments shall be returned by the Settlement Administrator to Defendants in accordance with Defendants' instructions. Any uncashed amounts of the Minnesota state law payments shall be sent to the Minnesota Commerce Department and held as unclaimed property.

  14. Within 14 days of the expiration of the 180-day check-cashing period, the parties shall file with the Court a stipulation for dismissal. In the stipulation, the parties will identify those who failed to timely cash their checks.

  15. If there are any claims in this litigation that are not resolved by the foregoing provisions of this Order, judgment shall be and hereby is entered dismissing such claims without prejudice and without taxation of costs in favor of or against any party.

16. Nothing in this Order shall be construed or used as an admission, concession, or presumption by or against the released parties, the Plaintiff, or the class and collective members.

17. Without affecting the finality of this Order, the Court retains exclusive and continuing jurisdiction over the litigation for purposes of supervising, implementing, interpreting, and enforcing this Order and the Settlement Agreement.

**IT IS SO ORDERED.**

Date: November 13, 2023          s/ *Elizabeth Cowan Wright*
                                 ELIZABETH COWAN WRIGHT
                                 United States Magistrate Judge